examination of the record has led us to the same conclusion.

The judgment appealed from is therefore affirmed.

---

(57 South. 888.)

No. 19,197.

STATE v. JACKSON et al.

(Feb. 26, 1912.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 448*)—EVIDENCE—OPINION EVIDENCE.

The question whether the accused "acted as if they were in possession of the whisky" (referring to three barrels of whisky which had been stolen from a box car and hidden in the "briars and brush," and which persons who found it, and were lying in wait to capture the thief, saw the accused, at night, roll out, for delivery to a wagon, which had been brought there to carry it and them away) was not objectionable as eliciting the opinion of the witness; the subject-matter being within common observation and experience.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 448.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Sam Jackson and Bill Alexander were convicted of larceny, and appeal. Affirmed.

W. B. Kemp, for appellants. Walter Guion, Atty. Gen., and W. H. McClendon, Dist. Atty. (G. A. Gondran, of counsel), for the State.

MONROE, J. Defendants, having been convicted of stealing three barrels of whisky and duly sentenced, present their case to this court upon a single bill of exception, from which it appears that a box car reached Harahan, with the seal broken and three barrels of whisky missing; that the barrels were found, concealed in the briars and brush, within a quarter of a mile of the home of the defendants; that two railroad detectives and a deputy sheriff went to the place and stationed themselves so as to be able to see who might come to take charge of them; that defendants came with a third man, who had a wagon; that after a few minutes defendants went away; that the third man (McCray) was then arrested; that defendant Alexander was arrested "later that night at his home," and defendant Jackson at another place; that Jackson pointed out a place where, he said, he had found one barrel of whisky concealed, and Alexander told McCray that he had found two barrels, and wanted him (McCray) "to come that night with his wagon and help him" (Alexander) to move them to another place. The bill then recites that Reed, one of the detectives, was asked by a juror whether, from the actions of the accused while near the whisky, "he thought that they had charge of it;" that before counsel for defendant could object the witness, answered, "Oh, yes, sir;" that counsel then and there asked the court to instruct the jury that the opinion of the witness was not evidence; and that the court instructed the jury that "the opinion of a witness is not evidence, unless that opinion is founded on some fact within the knowledge of the witness," to which charge objection was made, and counsel asked the court to charge "that an opinion of a witness was not testimony, unless the witness has qualified as an expert," which was refused. The bill is not signed by counsel for defendant, and does not show that it was filed by the clerk; but it bears the signature of the judge, who states that the request for instructions was not made until some 10 or 15 minutes after the question had been asked, and when the witness was under cross-examination, and after counsel for defendant had several times asked him why he had answered, "Yes," to the question, if the accused acted as if they were in possession of the whisky, after which the instructions were asked and given as stated—the "witness [the statement, per curiam, continues] having testified that the accused had moved the whisky from where it had been concealed

in the briars and brush, and rolled it out, preparatory to putting it in the wagon, when the deputy sheriff, Karlton, had been discovered by them; he having unintentionally walked upon the accused while looking for Mr. Uets and Mr. Reed [the detectives]. The charge was fully proven by the evidence, beyond any doubt, and the verdict was a proper one."

We find no error in the ruling complained of. The subject-matter was entirely within common observation and experience, and, though the witness had already testified to some of the facts upon which his opinion was founded, it would hardly have been practicable for him to have placed them all before the jury. McKelvey on Ev. §§ 132, 133; Elliott on Ev. vol. 1, § 676, citing Hardy v. Merrill, 56 N. H. 227, 22 Am. Rep. 441, and other cases.

Judgment affirmed.