MATHEWS, Justice.
The appellant sued for a' real estate brokerage- commission on a transaction which was never completed. He filed an original complaint and three amended complaints. As to the original complaint and two of the amended complaints a motion to dismiss was granted, with leave to amend. A motion to dismiss the third amended complaint was granted, without leave to amend.
The complaint and the amended complaints alleged a state of facts from which the appellant drew the conclüsion and ’ alleged that there was' a listing by the appel-lees of their property for sale. Numerous conversations and discussions were relied upon by the appellant in attempting to establish the listing of the property. The complaint alleges that a prospective purchaser and his attorney came to the office of the appellant to discuss the correct size and price of the property involved and informed the appellant that the property was their number one choice. Appellant then suggested a proposed contract bp drawn for the purchase of the property at a price of $55,000; that at a luncheon engagement with the appellee it was suggested to the appellee that appellant would have an offer in writing within a few days at about $55,000; that the appellee, Frank J. Kos, was satisfied with the price or did not object to the price. There was no discussion of the terms of any proposed agreement. After this conference, the appellant either drew, or caused to be drawn, a- “deposit receipt”, and presented the same to the appellees who rejected it because it contained, conditions to which they could not agree.. The appellant then informed his prospective purchaser that the offer was rejected and they “then made another offer on said land in the form of a ninety day option”. It is alleged that this proposal was rejected by the appellees. The appellant'then- drew a new, contract which was not signed by- anyone but was presented to appellee, Frank J. Kos, and by him rejected. ■
It is not shown that there was any meeting of the minds of the parties or that any terms of any kind, had .ever been agrped to by the appellees or that the appellant produced a purchaser, ready, willing and able to purchase on any terms acceptable to the appellees. The reading of the original complaint leaves one with the very definite impression that the appellant wa? *266 representing the prospective purchaser and was attempting to persuade the appellees to enter into an agreement to sell the property on terms not satisfactory to the ap-pellees and never agreed to by appellees. The first, second and third amended complaints are practically the same, except that the third amended complaint leaves out the basic facts set forth in the original complaint, and the other amended complaints, and to that extent at least was a departure from the original cause of action. This third amended complaint does not allege the various rejections and coun-terproposals, however, the appellant was bound by such allegations.
It is apparent that the appellant in the third amended complaint attempted to predicate his case on an implied listing. All of the allegations with reference to conversations, proposals, counterproposals and rejections fail to show that degree of definiteness required to constitute a listing of the appellees’ property.
The appellant relies upon the case of Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876. In that case it was shown that the terms of the sale were definitely agreed upon and when the broker, or agent of the owner, produced a person, ready, willing and able to purchase on the terms agreeable to the owner, the owner was charged with liability for the commission. There is no such showing in the case at bar as that in the case of Taylor v. Dorsey, supra, and it is not authority for holding the appellees liable in this case.
In the order finally disposing of the litigation and dismissing the third amended complaint, without leave to amend further, the Court briefly recited the history of the case and then said:
“Considered, ordered and adjudged that the Defendants’ motion to dismiss the last amended complaint heretofore filed by the Plaintiff on June 18, 1954, be and it is hereby granted without leave to amend because the Court is of the opinion that under the facts alleged, Plaintiff will be unable to state a cause of action by further amendment ; * * *
We have considered the original complaint, all of the amended complaints and the orders made thereon, and it has not been made to appear that the Court committed any reversible error.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.