97 So.2d 138 (1957)
Edward Keith SALTER, Appellant,
v.
C.J. KNOWLES, Dr. H.S. Knowles and Tim Knowles, Appellees.
No. 2.
District Court of Appeal of Florida. Second District.
September 25, 1957.
*139 Nixon Butt, Orlando, for appellant.
W.F. Robinson, Leesburg, and Maguire, Voorhis & Wells, Orlando, for appellees.
KANNER, Chief Judge.
The appellant sought to recover realtor-broker's commission, but suffered adverse judgment from which this appeal is taken.
Appellant in his complaint, as basis for recovery, relied on the contractual proposition that he rendered services as a broker to appellees in producing a purchaser ready, able, and willing to buy at a price acceptable to them. The cause was submitted, without jury, to the trial judge for his determination of the case on its merits based upon the record.
Without reciting evidence on either side, summary of appellant's position is that he was the procuring cause of the sale.
The question, whether a broker is the procuring cause of a sale, depends upon the facts and circumstances surrounding and attendant upon each particular case; and in order to recover, it is incumbent upon the broker to prove by a preponderance of the evidence the material allegations laid in his complaint. The trial court found against the appellant, and in so doing made the following specific findings as predicate for his judgment in favor of appellees:
"1. That the plaintiff was employed by the defendants to find a purchaser at a fixed price of $125,000.00, which was not done and which precludes plaintiff from recovering;
"2. And even if the plaintiff's view is taken that the plaintiff was employed to find a purchaser at a price acceptable to defendants, that there was a lack of continuous negotiation;
"3. And that plaintiff was not the procuring cause of the sale made to A.G. Bush;
"4. And that many new elements entered into the negotiations at the actual closing of the sale to A.G. Bush."
It is a well established rule under Florida jurisprudence that every presumption favors the correctness of the judgment of the trial court, and the one who complains of error must make such error clearly appear; nor is it within the province of an appellate court to substitute its judgment for that of the trial court unless the findings are clearly against the weight of the evidence.
*140 The evidence amply established basis for entry of judgment for appellees. Accordingly the judgment of the court below is affirmed.
PLEUS and ALLEN, JJ., concur.