108 So.2d 69 (1959)
Helen MELLET and Peter Mellet, Appellants,
v.
H.N. HENRY and Joseph F. Clark, Appellees.
No. 58-137.
District Court of Appeal of Florida. Third District.
January 13, 1959.
Rehearing Denied February 2, 1959.
*70 Marchant & Perkins, Miami, for appellants.
Mark Silverstein, Miami Beach, for appellees.
PEARSON, Judge.
The appellants were defendants in an action brought by the appellees, who were real estate brokers. The complaint claimed a commission upon a sale of appellants' property. It alleged that the plaintiffs were employed to find a purchaser ready, able and willing to purchase a certain hotel, that the plaintiffs did find such a purchaser, and that thereafter the defendants effected a sale of the hotel to this purchaser. Answers were filed denying these allegations. Upon trial the defendants moved for a directed verdict at the conclusion of plaintiffs' case and at the close of all the evidence. The motions were denied and the jury returned a verdict against the defendants. Thereafter defendants moved for judgment in accordance with the motion for directed verdict or in the alternative for a new trial. Upon denial of this motion final judgment was entered. The defendants appeal and argue three assignments of error: (1) the court's failure to grant their motion for directed verdict at the close of plaintiffs' case, (2) the refusal to grant the motion at the close of all the evidence, and (3) the denial of the motion after verdict. The judgment is affirmed.
Under the enumerated assignments the appellants argue the question: "Whether the plaintiffs produced a customer ready, willing and able to purchase the property upon satisfactory terms?" *71 The court and the jury answered this question in the affirmative. This question can properly be restated: Was there sufficient evidence in the record upon which the court, at the time of its refusals to direct a verdict and the jury at the time of its verdict, could find that the plaintiffs produced a customer ready, willing and able to purchase the property upon terms satisfactory to the defendants? Since we are considering the refusal of a trial judge to direct a verdict for the defendants, and also the sufficiency of the evidence to support a verdict for the plaintiffs, we must consider the evidence in the light most favorable to the plaintiff for the purpose of deciding whether a verdict should have been directed (Gravette v. Turner, 77 Fla. 311, 81 So. 476), and we must also consider whether the jury verdict rests upon evidence in the record which may be pointed out as constituting a reasonable foundation for the conclusion reached (Golden v. Morris, Fla. 1951, 55 So.2d 714).
Appellants purchased the hotel in 1955 through appellee, Clark, and they immediately engaged him to help renovate the hotel. Thereafter he was employed to find a purchaser for the hotel. At first the price was placed at $225,000 and then as time went on this was changed to $219,000 including a $10,000 commission. Nevertheless the agent was instructed to "submit any offer he might get." Sometime in October, 1956, a Mr. Kraemer, the ultimate purchaser, called the agent, Clark, in response to the agents' newspaper advertisement offering the hotel for sale. The plaintiffs did not show the customer, Kraemer, the property, but gave him the "details and financing about the hotel" and made arrangements for the prospective purchaser to "go up and ask for Mrs. Mellet at the hotel and she would show him around." He further informed the defendants "about his customer" by telephone, and he also went to the hotel and talked to Mrs. Mellet (who actually held title to the property) about Mr. Kraemer. Approximately one week later Helen Mellet wrote to the appellees that the appellants had decided to remove the hotel from the market and to proceed with plans to operate the hotel. Six days later appellants entered into an agreement to sell the hotel to Mr. Kraemer.
The essential attack of the appellants is centered upon the proposition that under these facts it cannot be held that the plaintiffs were the procuring cause of the sale. They rely for reversal upon Salter v. Knowles, Fla.App. 1957, 97 So.2d 138; McAllister Hotel, Inc. v. Porte, Fla. 1957, 98 So.2d 781, and Cameron v. Powers, 63 Fla. 108, 57 So. 888.
In Salter v. Knowles, supra [97 So.2d 138] the District Court of Appeal, Second District, sustained the finding of a trial judge sitting without jury that a real estate agent was not the procuring cause of a sale. The Court held:
"The question, whether a broker is the procuring cause of a sale, depends upon the facts and circumstances surrounding and attendant upon each particular case; and in order to recover, it is incumbent upon the broker to prove by a preponderance of the evidence the material allegations laid in his complaint * * *.
* * * * * *
"It is a well established rule under Florida jurisprudence that every presumption favors the correctness of the judgment of the trial court, and the one who complains of error must make such error clearly appear; nor is it within the province of an appellate court to substitute its judgment for that of the trial court unless the findings are clearly against the weight of the evidence."
McAllister Hotel, Inc. v. Porte, supra, concerned negotiations which failed after a broker had procured a purchaser who agreed upon the basic price for a hotel. The reasoning of the Court in that case is not applicable to the instant case since *72 here the sale was completed and the question presented is whether there is sufficient evidence that the plaintiffs were the procuring cause of the sale.
In Cameron v. Powers, supra, the Supreme Court reversed a judgment for a broker upon a holding that it was error to exclude evidence upon the question of procuring cause.
Although the conclusion reached by the jury was against the broker in Good v. Douglas Gardens, Fla. 1951, 50 So.2d 349, 350, the reasoning of the opinion is applicable to the case now before us.
"There were many disputes and conflicts in the evidence on the issue of whether the plaintiffs were the procuring cause of the transaction, which disputes and conflicts were resolved in defendant's favor by the lower court, acting as the trier of the facts. There was ample evidence, even though disputed, to warrant a finding that the plaintiffs were not the efficient procuring cause of the transaction. Under such circumstances, this court is not authorized to overturn the judgment of the court below. See Bixby v. Hotel Mirasol, Inc., Fla., 37 So.2d 700."
See also Norwood v. Davis, 158 Fla. 352, 28 So.2d 872; Bailey v. Swartz, Fla.App. 1957, 97 So.2d 310; Green v. Bruns, Fla. 1958, 102 So.2d 610.
A distinction can be drawn between cases in which the broker presents a purchaser and the sale fails and those cases where the broker claims to be the procuring cause of a completed sale. In both instances employment and presentation of the purchaser are necessary but in the case of a completed sale physical introduction is not so important. See Pensacola Finance Co. v. Simpson, 82 Fla. 368, 90 So. 381.
The law protects a broker against cancellation of his contract when the cancellation represents a bad faith effort to defeat a commission. See Alex D. Smith Real Estate, Inc. v. Gables Venetian Waterways, Fla.App. 1957, 98 So.2d 372.
Having carefully reviewed the portions of the record presented in the appendices, we find that there was sufficient evidence to support the decisions of the trial judge and the verdict of the jury.
Affirmed.
CARROLL, CHAS., C.J., and HORTON, J., concur.