160 So.2d 53 (1964)
NATIONAL AIRLINES, INC., a Florida corporation, Appellant,
v.
OSCAR E. DOOLY ASSOCIATES, INC., a Florida corporation, Appellee.
No. 63-349.
District Court of Appeal of Florida. Third District.
January 28, 1964.
Rehearing Denied February 18, 1964.
*54 Scott, McCarthy, Preston & Steel, Miami, for appellant.
Ward & Ward, Miami, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
PER CURIAM.
The appellee, Oscar E. Dooly Associates, Inc., brought suit against appellant, National Airlines, Inc. for a real estate brokerage commission claimed upon the completed sale of a tract of acreage between the vendor, National Airlines, Inc. and the purchaser, Hilton Hotels, Inc. The broker received a jury verdict upon which final judgment was entered. This appeal is by the defendant.
The controlling issue is whether or not there was employment of the broker. The evidence viewed in the light most favorable to the verdict is that the Dooly office had been working off and on for the sale of this particular property for approximately ten years. At one time the Dooly office received a written listing on the property which subsequently expired. When Mr. Conrad Hilton of Hilton Hotels and his Executive Vice President, Mr. Joseph Binns, were in Miami upon another matter, the broker, Mr. Van Kussrow, of the Dooly office, drove them by the subject property. The potentialities of the property for a motel development were pointed out by Mr. Kussrow.
The next morning Kussrow went to see Mr. Paul Scott who was on the Board of Directors for National Airlines and was their attorney. Mr. Scott telephoned, in Kussrow's presence, Mr. Ted Baker, the President of National Airlines. During this conversation Scott stated to Baker that Kussrow was present and that Kussrow was asking the price of the property for the purpose of attempting a sale to the Conrad Hilton interests. Baker was told that Kussrow had shown the property as above related. Baker stated a definite price which was given to Kussrow.
Appellant points out that an employment may not be implied solely from this conversation because there was a mere quotation of price and no discussion of a listing. Notwithstanding this contention, there is authority that the absence of a direct employment does not always bar a broker from recovery. Where the broker is found to be the procuring cause of a sale, he may be entitled to a commission. See cases collected at 8 Am.Jur., Brokers § 172 n. 6 (1937).
Whether a broker is a procuring cause of a sale depends upon facts and circumstances surrounding and attendant upon each particular case. Salter v. Knowles, Fla.App. 1957, 97 So.2d 138. To be the procuring cause the broker must show that he called the potential purchaser's attention to the property and it was through his efforts *55 the sale was consummated. See Wood v. Smith, 162 Mich. 334, 127 N.W. 277 (1910). If the broker has brought the parties together, and a sale is effected as a result of continuous negotiations inaugurated by him, he will not be defeated in his effort to recover compensation simply because of a variation between the original terms stated by the owner and those finally accepted. Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876. Where a sale is completed there is no necessity for the broker to have made a physical introduction of the purchaser and the seller. Mellet v. Henry, Fla.App. 1959, 108 So.2d 69.
Here, the record indicates that Messrs. Baker, Scott and Binns knew that Kussrow was acting as a real estate broker, and that Kussrow not only brought the subject property to the attention of the purchaser but also brought the parties together, although he did not physically introduce one to the other. Furthermore, Kussrow made diligent attempts to promote the sales transaction through correspondence with Baker and Binns subsequent to the initial meeting with Scott, but his efforts were ignored. Consequently, he was precluded from entering into further negotiations between the parties. We hold that under this particular fact situation, Mr. Kussrow's efforts satisfied the element of continuous negotiations as required by the procuring cause doctrine. See Moylan v. Estes, Fla.App. 1958, 102 So.2d 855.
We further hold that there was substantial evidence to support a finding that the appellee was employed as a broker under the above doctrine, which issue was submitted to the jury. See Bailey v. Swartz, Fla.App. 1957, 97 So.2d 310.
The appellant has presented two other questions  one going to the rejection of proffered evidence and the other to the court's instruction to the jury relative to the amount of the recovery if they found for the plaintiff. Neither point has been shown to present reversible error. As to the amount of the recovery, the instruction of the court must be sustained under the rule stated in Blackburn v. Alachua County Broadcasting Co., Fla.App. 1961, 126 So.2d 303.
Affirmed.