WALDEN, Judge.
A real estate salesman sued his broker concerning a real estate commission. Jury verdict and judgment were in favor of the salesman in the sum of $13,947.17. Broker appeals. We reverse because the trial proofs were insufficient as a matter of fact and law.
The real estate involved was the Hart Ranch which was part of an estate which was represented by co-executors, Mr. Charles T. Hart, Jr., and the Exchange National Bank of Winter Haven.
Two things are clear. First, it was agreed between the parties that if the salesman procured a sale, the resulting commission would be divided between them fifty-fifty. Second, the co-executors did not list the ranch with a specific price and terms. They merely advised that they were interested in selling and would consider all offers from whom and wheresoever. They made no commitment to sell, and purchase price, terms or conditions were never listed, stated or agreed. See 1 Florida Real Property Practice, §§ 2.S-2.13 (2d ed. 1971). The executors merely said submit an offer that would be acceptable to them.
With this, the salesman got busy and interested the Gianolios in the property. The salesman duly submitted an offer for the ranch and here we strike the visceral issue : did the co-executors accept the offer? The salesman, by testimony and brief, contends that they did, while the testimony and position of the broker and sellers are exactly contra.
While the further somewhat complicated happenings and matters tending to indicate questionable ethics on the part of the broker would perhaps be of interest, they are not necessary to our decision and will be passed over in the interest of economy.
It was critically necessary under these circumstances for the salesman to establish by proof that he had in fact and law produced an offer to purchase which was accepted by the co-executors. Failing this, the broker could in nowise be held liable or accountable. See Landry v. Kos, Fla.1954, 76 So.2d 265. See generally 1 Florida Real Property Practice, §§ 2.5-2.13 (2d ed. 1971).
The salesman’s assertions that he had a listing and that he produced a buyer ready, willing and able to purchase at a price and terms agreed upon by the co-executors are simply not supported by the record. Had this been established, we would be required to affirm despite the fact that the sale was not consummated. Knowles v. Henderson, Fla.1945, 156 Fla. 31, 22 So.2d 384; Randolph v. Neeley, Fla.App.1966, 185 So.2d 785.
The salesman submitted an offer to purchase (or swap) in writing to the co-executors. It was returned to the salesman in a matter of days without being signed by the sellers. The co-executors testified unequivocally that the proposal was never accepted. Thus, if the salesman is to recover by the establishment of an acceptance, it must be done through his testimony. The best that we can glean is that the salesman had the “impression” that the offer was acceptable, but the impression is not bottomed on facts that would establish the creation of a contract, a liability on the part of the executors to sell. We have gone back and forth through the record *894 with care and have given particular scrutiny to the salesman’s testimony and especially those portions referred to by his counsel. The most that can be said is that the offer was physically taken in hand for the purpose of being given consideration. However, it is manifest and beyond even the slightest doubt that the co-executors never “accepted” the offer in the legal sense of a meeting of the minds and with the purpose of being obligated. Furthermore, the record affirmatively reveals without dispute that the trust investment committee of the bank executor never considered or passed upon the offer and neither did the Probate Court authorize or approve the acceptance of such offer as required in this instance.
Being of the opinion that the defendant’s motion for a directed verdict should have been granted for the above reasons, the appealed final judgment is reversed and the cause remanded with respectful instructions to enter judgment for the defendant and against the plaintiff.
Reversed and remanded.
REED, C. J., concurs.
MAGER, J., dissents, with opinion.