CROSS, Judge
(dissenting):
I respectfully dissent.
In February 1971 it became known to the appellant-plaintiff, Virginia Jerome, a licensed real estate broker, that a certain plot of improved property in Broward County, Florida, which included thereon the Sea Banks Motel, was available for sale. Shortly thereafter William A. Reid, a Canadian builder and the president of appellee-defendant, William A. Reid Construction Limited, contacted the appellant and expressed a desire to look at improved property in Broward County which might be purchased for investment purposes. Appellant telephoned John C. Rizzo, the manager of the Sea Banks Motel, to inquire as to the terms of sale on the Sea Banks property and to seek permission to show the property to Reid. It was agreed that the appellant could show the property to Reid. A general information sheet containing the terms of sale was sent to the appellant. The appellant then showed Reid the Sea Banks property and several other plots of improved property.
After viewing the Sea Banks property, Reid contacted John C. Rizzo to inquire further about said property. Rizzo informed Reid that the property was part of the estate of Samuel Rizzo and that all offers for purchase should be made directly to the estate’s attorney, Neil R. Farmelo. Several months later, in June 1971, Reid contacted Farmelo and made an offer to purchase the Sea Banks property. On November 15, 1971 the Sea Banks property was sold by the estate to William A. Reid Construction Limited.
The appellant filed a complaint alleging that she was entitled to a $40,500 brokerage commission from the sale of the Sea Banks property. The complaint was framed in two counts. Count one alleged that the appellant was entitled to a broker’s commission from appellee-defendant, the Rizzo Estate, because she was the “procuring cause” of the Sea Banks sale. Count two alleged that the appellant was entitled to damages from William A. Reid Construction Limited and the Rizzo Estate, because William A. Reid, as president of William A. Reid Construction Limited, conspired with the estate through the estate’s attorney and executors to deprive appellant of her commission on the Sea Banks transaction. Appellant requested a jury trial as to count two. Trial was held before the court as to count one of the complaint. At the close of all the evidence, the trial court found that appellant had failed to sustain material allegations of count one of the complaint and entered an order dismissing said count. This order was the subject of appellant’s first appeal. The appellees then moved for a summary judgment as to count two of the complaint. After a hearing on this matter, the trial court granted a motion for summary judgment as to count two. A final judgment in favor of *251 the appellees was entered by the trial court. It is from this final judgment that appellant takes a second appeal. We consolidated the two appeals.
The initial point for our determination is whether the trial court erred in not permitting trial by jury as to both counts in the complaint.
Rule 1.430, RCP (1973), Demand For Jury Trial — Waiver, provides:
“(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than ten days after the service of the last pleading directed to such issue. The demand may be endorsed upon the pleading of the party!
“(c) Specification of Issues. In his demand a party may specify the issues which he wishes so tried; otherwise, he is deemed to demand trial by jury for all issues so triable. If he has demanded trial by jury for only some of the issues, any other party may serve a demand for trial by jury of any other or all of the issues triable by jury ten days after service of the demand or such lesser time as the court may order.
“(d) Waiver. A party who fails to serve a demand as required by this rule waives trial by jury. If waived, a jury trial may not be granted without the consent of the parties but the court may allow an amendment in the proceedings to demand a trial by jury or order a trial by jury on its own motion. A demand for trial by jury may not be withdrawn without the consent of the parties.”
The Florida Rules of Civil Procedure require a litigant, in order to invoke his right to trial by jury, to make a simple, unsophisticated, short written demand for trial by jury either in his pleading, or separately, within ten days after the service of the last pleading. If he doesn’t ask for it by then, the court and his opponent may deem it waived and arrange their affairs accordingly. When this almost effortless prerequisite is not met, the burden is on the tardy litigant to demonstrate that the award of a jury trial will not only be an accommodation of his desires, but also will impose no injustice on his adversary, and further, will not unreasonably inconvenience the court in the performance of its duties. A trial court’s refusal to grant a belated motion for a jury trial is presumed to be correct and before a reviewing court will overturn the order, the moving party must show that it is clearly erroneous. Wertman v. Tipping, 166 So.2d 666 (Fla.App.1964); see also Bardee Corporation v. Arnold Altex Aluminum Co., 134 So.2d 268 (Fla.App.1961).
In the instant case, the appellant’s complaint filed November 27, 1972 requested that the conspiracy issue delineated in count two of the complaint be tried before a jury. The appellant did not request a jury trial for count one, the “procuring cause” issue, until September 5, 1973, long after the service of the last pleading and a mere three weeks before the scheduled hearing of the issue before the trial court.[1] The appellant’s failure to timely request a jury trial on the “procuring cause” issue constituted a waiver of her right to trial by jury on that issue. Since no demonstration was made by the appellant that trial by jury as to count one would impose no injustice to the appellees and would not unreasonably inconvenience the trial court in the performance of its duties, the trial court’s refusal to grant the appellant’s motion for a jury trial was not clearly erroneous.
*252 The second point for determination is whether the trial court erred in entering a summary judgment in favor of the appel-lees as to count two of appellant’s complaint.
The essential and basic feature underlying the relation of broker to his employer is that of agency. Such relationship is created by a contract of employment, either express or implied. As in the case of any other contract, there must be the essential elements of an offer and acceptance and consideration. There must be a meeting of the minds of the parties: the employer must intend that the broker act for him and the broker must intend to accept the authority to act and such intentions may be expressed in words or by conduct of the parties. Quinn v. Phipps, 93 Fla. 805, 113 So. 419 (1927). The employer must say or do something tending to prove that he accepted the broker as his agent, something more than merely selling the property to the party which the broker, while acting as a volunteer, brought to him. Howell v. Blackburn, 100 Fla. 114, 129 So. 341 (1930).
The absence of a contract of employment, however, does not always bar the broker from recovery. Where the broker is found to be the “procuring cause” of the sale, he may be entitled to a commission. Whether a broker is a procuring cause of the sale depends on the facts and circumstances surrounding each particular case. Salter v. Knowles, 97 So.2d 138 (Fla.App.1957). To be the procuring cause the broker must show that he called to the potential purchaser’s attention the property and it was through his efforts the sale was consummated. If the broker has brought the parties together and a sale is effected as a result of continuous negotiations inaugurated by him, he will not be defeated in his effort to recover compensation. Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876 (1944); First Realty Corp. v. Standard Steel Treating Co., 268 So.2d 410 (Fla.App.1972).
After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence, any other party, without waiving his right to offer evidence in the event the motion is denied, may move for a dismissal on the ground that under the facts and the law the party seeking affirmative relief has shown no right to relief. The court as trier of the facts may then determine and render judgment against the party seeking affirmative relief, or may decline to render judgment until the close of all the evidence. Rule 1.420 RCP (1973). Where the plaintiff’s proof has failed in some aspect, the motion should be granted. But where the plaintiff has presented a prima facie case, the trial judge may not grant a motion for involuntary dismissal even though he is the trier of facts, and may not himself feel at that point in the trial that the plaintiff has sustained the burden of proof. In such situation, the trial judge should follow the alternative of declining to render any judgment until the close of all the evidence, and deny the motion. If the defendant declines to present any evidence, the judge must then exercise his own judgment in applying the law to the facts presented and rule on the motion and decide the case. Tillman v. Baskin, 260 So.2d 509 (Fla.1972).
The trial court may properly grant a party’s motion for summary judgment when there is no issue as to any material fact, and when the movant is entitled to a judgment as a matter of law. If no reasonable view of the pleadings, affidavits, or depositions would justify or support a judgment favorable to the party moved against, the movant is clearly entitled to a summary judgment in his favor.
In the case at bar, the appellant in the presentation of her case never demonstrated that she was entitled to a broker’s commission from the estate for the sale of the Sea Banks property. The facts indicate that appellant’s contact with the parties to the Sea Banks transaction was minimal. *253 In February 1971 William A. Reid contacted the appellant and expressed a desire to look at improved property in Broward County which might be purchased for investment purposes. Appellant telephoned John C. Rizzo, co-executor of the Rizzo Estate and manager of the Sea Banks Motel, asking the terms of sale on the property and permission to show the property to Reid. Rizzo gave permission to appellant to show the Sea Banks property and sent the appellant a general information sheet on the property. After appellant showed the property to Reid, she sent a letter indicating such to Neil R. Farmelo, a co-executor and attorney for the Rizzo Estate. Appellant had no further contact with the parties before the property was sold by the estate to William A. Reid Construction Limited on December 15, 1971.
It is clear from the facts that the estate never entered into a contract of employment, either express or implied, with appellant for the sale of the Sea Banks property. There was never any intent on the part of the estate or its executors that appellant act for it in the sale. Also, the appellant never was involved in continuous negotiations with the estate and William A. Reid and therefore was not the procuring cause of the sale.
As to count two of the complaint, it was mandatory that appellant show that she had a right to a broker’s commission before she could recover damages from the parties to a land transaction in a cause of action for conspiracy to deprive the broker of a commission. This she failed to do at trial on count one. In addition, the pleadings, affidavits and depositions viewed most favorably to apppellant as to count two never indicated that there was any conspiracy between the estate and William A. Reid to deprive appellant of her commission. There being no issue as to any material fact, the appellees were entitled to judgment as a matter of law on count two of appellant’s complaint.
I would therefore affirm the order and the final judgment entered by the trial court in favor of the appellees.

. Appellant’s request for a jury trial in the complaint rvas a part of and located at the end of count two. Appellant contends on appeal that this was a request for a jury trial as to both count one and count two. Iiow-ever, in appellant’s September 5, 1973 motion for jury trial, she admitted that a jury trial had not been requested in the complaint for count one.