314 So.2d 16 (1975)
Charles T. SCOTT and Martha J. Scott, Appellants,
v.
John E. DOWNEY, Appellee.
No. 74-202.
District Court of Appeal of Florida, Fourth District.
June 13, 1975.
Richard H.W. Maloy and Charles H. Spooner and Richard H.W. Maloy & Associates, P.A., Coral Gables, for appellants.
Roy R. Watson, of Howell, Kirby, Montgomery, D'Aiuto & Dean, West Palm Beach, for appellee.
LEE, THOMAS E., Associate Judge.
Appellants, owners/sellers of unimproved real property situated in Okeechobee County, Florida, defendants below in an action seeking a brokerage commission, seek review of an adverse final judgment rendered pursuant to jury verdict in favor of appellee/broker.
Appellants contend that  even viewed in the light most favorable to the appellee  *17 the record does not contain sufficient evidence to legally constitute the predicate for a finding that appellee either had an exclusive listing or was a procuring cause of the sale, and that, therefore, they were entitled to a judgment as a matter of law. We agree and reverse.
Appellee admittedly did not have an exclusive listing on the subject property. As a matter of fact, he had no listing at all. Regarding appellee's "procuring cause" argument, the record, properly viewed, discloses the following:
(a) Appellants, husband and wife, owned approximately 22,000 contiguous acres of undeveloped land in Okeechobee, St. Lucie and Indian River Counties, Florida. They first met appellee in 1964 at a time when he worked as a procurer of mortgages for the Connecticut Mutual Life Insurance Company, and procured a loan from that company for appellants which was secured by a mortgage lien on all of their property.
(b) In 1967, appellee became a registered real estate broker, and in April, 1969, appellants verbally informed him that they wanted to sell 2700 acres of range land, with a mortgage to be provided by an insurance company, and requested that appellee find a buyer at a price, terms and conditions suitable to them.
(c) On March 31, 1970, appellee and another broker procured a purchaser, William Herman Boyd, for 1862 acres of the 2700 acres of range land originally put up for sale. Appellee and the participating brokers shared a fee of 6% ($25,000.00) of the purchase price as a brokerage commission.
(d) Twenty and one-half months later, on November 15, 1971, appellants conveyed a contiguous parcel of 800 acres  which was not a part of the original 2700 acres offered for sale  to Boyd Dairy, Inc. In the period which intervened between the original sale to Peaceful Harbor, Inc., a Boyd controlled corporation, and the second sale to Boyd Dairy, Inc., appellants heavily engaged in an attempt to sell the property unaided by any action on behalf of appellee.
Stripped of the superfluous, irrelevant and immaterial, appellee contends that the jury could legally find he was a "procuring cause" of the sale of the second 800 acres to Boyd Dairy, Inc., simply because twenty and one-half months earlier he was a "procuring cause" of the sale of 1862 acres to Peaceful Harbor, Inc., and during the interim between the two sales he wrote a letter to appellants reminding them of Boyd's continuing interest in additional acreage. We reject this contention as legally and logically unsound. See Wilkins v. W.B. Tilton Real Estate & Ins., Inc., 257 So.2d 573 (4th D.C.A.Fla. 1971).
In conclusion, this record properly viewed, the appellee failed to prove a jury submissible prima facie case, and, therefore, the final judgment appealed must be, and is hereby, reversed and the cause remanded with directions to enter a judgment in favor of the appellants.
Reversed and remanded.
CROSS and DOWNEY, JJ., concur.