PER CURIAM.
Futura Realty, Inc., plaintiff in the trial court, appeals from a final judgment for the defendant, Norman J. Kasser, in an action to collect a real estate brokerage commission.
Futura Realty, Inc., filed a complaint in Dade County Circuit Court, alleging that Norman J. Kasser and Claire Kasser requested that Futura Realty obtained a purchaser, ready, willing and able to purchase on specific terms and conditions a certain tract of land located in Dade County, Florida, owned by the Kassers; that Futura Realty obtained a purchaser, ready, willing and able to purchase on the exact terms requested; that the Kassers refused to sell and refused to pay the brokerage fee.[1] A jury trial was held. At the close of the plaintiff’s case, the trial court granted defendant Norman J. Kasser’s motion for a directed verdict on the basis that Futura Realty failed to establish, as a matter of law, entitlement to a commission. The trial court had determined that there was an absence of evidence that the purchasing group was financially able to purchase on the required terms, and that failure to consummate the sale was not the fault of the seller, Norman J. Kasser. Fu-tura Realty takes this appeal from the final judgment entered on the directed verdict in favor of the defendant.
*72 We agree with the trial court and affirm the final judgment. It is clear from the record that numerous contracts were drafted pursuant to this transaction; that failure to consummate the transaction was not due to any fault on the seller’s part and that all parties knew that the seller would be unable to produce trailer-park zoning at the date of closing. The record further shows that even if the latest oral contract is construed in favor of the broker, it would still not be entitled to a commission because Futura Realty agreed that if the closing did not take place, there would be no broker’s commission. In an action for a broker’s commission, where the record on appeal, properly viewed, fails to prove a jury submissible prima facie case, the defendant is entitled to judgment as a matter of law. Scott v. Downey, Fla.App.1975, 314 So.2d 16. A directed verdict is appropriate where the record fails to establish the broker’s entitlement to a commission. See Hodges v. Altobello, Fla.App.1973, 274 So.2d 892.
Affirmed.

. The trial court subsequently granted a motion for summary judgment on behalf of Claire Kasser since she was neither an owner of the property nor did she participate in this or any other real estate transaction with Futura Realty,