401 So.2d 913 (1981)
Arthur M. SANSON, Jr., a/K/a A.M. Sanson, Jr., and Nancy Mann Sanson, a/K/a Nancy W. Sanson, Appellants,
v.
DUTCHER, HIGGINBOTHAM AND BASS, INC., Formerly Known As Dutcher, Higginbotham, Mayer and Bass, Inc., Appellee.
No. 79-2416.
District Court of Appeal of Florida, Fourth District.
July 29, 1981.
*914 Robert E. Ziegler of Rogers, Morris & Ziegler, Fort Lauderdale, for appellants.
Raymond A. Doumar of Allsworth, Doumar, Schuler, Padula & Laystrom, Fort Lauderdale, for appellee.
KAPNER, LEWIS, Associate Judge.
Defendant/appellant (Seller) appeals from an adverse judgment awarding plaintiff/appellee (Real Estate Broker) a commission for services rendered in connection with the sale of Seller's home. The trial court found as follows:
1. That although the Exclusive Right of Sale Agreement between the Plaintiff and Defendants dated April 7, 1977, had expired, the evidence credibly established that the Plaintiff continued, even during the ninety day period after the expiration of said Exclusive Right of Sale Agreement, to further promote counteroffers between the Defendants as sellers and the buyers, that as late as March of 1978, the plaintiff showed the defendants' home to a prospective purchaser, which efforts the defendants had opened their doors to receive and, accordingly, it cannot be said that the plaintiff abandoned its efforts to sell the defendants' home.
2. That while the evidence is not sufficient to support fraud or conspiracy on the part of the defendants to cheat or deny the plaintiff of its commission, there was a showing sufficient to conclude that the defendants excluded the plaintiff from an opportunity to further negotiate any counteroffers or any contract between the defendants and the buyers, eventually leading up to the April 10, 1979, Deposit Receipt Contract executed by the same purchasers and the defendants.
3. That the evidence was clear and convincing that the plaintiff devoted substantial time, effort and money to promote the selling of the defendants' home; however, this Court is mindful that such alone is not sufficient to justify a commission, but that the plaintiff's efforts and the nature of the plaintiff's relationship with the defendants and purchasers generated the cement that eventually sealed the final contract between the same buyers and the defendants which contract was substantially similar to the original offer obtained by the plaintiff from the same purchasers and accordingly, the efforts of the plaintiff satisfied the element of continuous negotiations as required by the procuring cause doctrine.
The basic issue raised by appellant is whether the trial judge correctly applied the procuring cause doctrine to the facts of this case, taking into consideration that the actual sale was consummated after the exclusive right of sale agreement had expired.
*915 Although Florida courts have not explicitly ruled that the procuring cause doctrine applies after the expiration of an exclusive right of sale contract, they have applied the doctrine in ordinary brokerowner dealings. Scott v. Downey, 314 So.2d 16 (Fla.4th DCA 1975); National Airlines, Inc. v. Oscar E. Dooly Associates, Inc., 160 So.2d 53 (Fla.3d DCA 1964). The doctrine applies with equal, if not greater, logic to exclusive right of sale contracts. These contracts are frequently for short durations and require considerable commitment of time and effort by brokers. Common sense dictates that the intent of most parties to such contracts is to inferentially incorporate the doctrine into the contract[1]; otherwise, a seller would have little motivation to close the sale prior to the expiration of the contract. Accordingly, we hold that the procuring cause doctrine applies to exclusive right of sale contracts regardless of whether sale is consummated before or after the expiration date.
This doctrine holds that in order to be the "procuring cause" of a sale of property, thus entitling a broker to a commission, the parties must have been brought together and the sale consummated as a result of continuous negotiations of the broker. National Airlines, Inc. v. Oscar E. Dooly Associates, Inc., supra.
Invariably whether this doctrine applies to a particular case turns on the facts and circumstances in each particular instance, and the broker must prove the essential elements by a preponderance of evidence. Mellet v. Henry, 108 So.2d 69 (Fla.3d DCA 1959).
The evidence in this case was in conflict, but there was substantial evidence in the record to support the trial court's finding of fact and application of the law.
Accordingly, for the reasons stated the judgment is affirmed.
BERANEK, J., concurs.
MOORE, J., concurs in conclusion only.
NOTES
[1] In Scott v. Downey, supra, the court in reversing a judgment in favor of the broker observed that the broker did not have exclusive listing on the subject property.