RYDER, Judge.
Appellant seeks review of the lower court’s order granting summary judgment to appellees.
*468 Appellees wanted to sell their leasehold interest and gave appellant, a real estate broker, the exclusive right to sell for an express period of time. Under the written agreement, when the term expired, a 90-day “protection period” for the appellant sprang into effect. The pertinent provision provided:
Such compensation shall be paid if property is sold, conveyed, or otherwise transferred within 90 days after termination of this authority or any extension thereof to anyone with whom Broker has had negotiations prior to final termination, provided owner has received notice in writing, including the names of prospective purchasers, before or upon termination of this agreement ....
Before the term expired, appellant notified appellees in writing of the prospective purchasers that appellant had negotiated with, one of which was Pinellas County. Appellees objected in a reply letter to appellant listing Pinellas County as a prospective purchaser. Appellant filed its complaint after the leasehold interest was transferred to Pinellas County, and no commission was paid to appellant.
According to the complaint, besides appellant’s efforts under the agreement to procure Pinellas County, appellees also were negotiating with the County during the term of the listing agreement and protection period. The complaint further alleged that appellees and the County, without appellant, reached an agreement to purchase the interest during the protection period. Appellant, in essence, complained that it had procured Pinellas County and that ap-pellees had perpetrated a subterfuge to avoid paying the commission.
Appellees moved for summary judgment based on the theory that there was an express contract between appellees and appellant, the terms of which were not met. Appellant’s affidavit in opposition to the summary judgment motion made factual contentions, as in the complaint, that appellant had procured Pinellas County and that appellees had deliberately delayed consummating the deal to avoid the broker’s commission. The trial judge in granting the motion essentially adopted appellees’ argument that the express terms of the contract were not met; therefore, no claim may be had.
Generally, the rule is that when parties contract to a specific matter, the terms of the contract control. However, exceptions to the rule exist and two exceptions were factually contended in the appellant’s complaint and in the affidavit in opposition to the motion for summary judgment. Namely, a procuring cause exception and an inequitable conduct exception were asserted. As to the procuring cause exception, Sanson v. Dutcher, Higgenbotham and Bass, Inc., 401 So.2d 913 (Fla. 4th DCA 1981), allowed a broker to recover his commission even after expiration of the listing agreement which contained an exclusive right to sell provision. The court in that case stated that the procuring cause doctrine
[ajpplies with equal, if not greater logic to the exclusive right to sale contracts. These contracts are frequently for short durations and require considerable commitment of time and effort by brokers. Common sense dictates that the intent of most parties to such contracts is to inferentially incorporate the doctrine into the contract; otherwise, a seller would have little motivation to close the sale prior to expiration of the contract.
Id. 915. (Footnote omitted).
As to an inequitable conduct exception, the Florida Supreme Court in Estes v. Moylan, 94 So.2d 362 (Fla.1957), stated:
Courts are not disposed to allow a real estate broker’s undertaking, in process of accomplishment, to be defeated by fraud or inequitable conduct on the part of his principal whereby the principal would profit by the broker’s service and at the time evade a just liability to make due compensation.
Id. 365 (quoting Dancy v. Baker, 206 Ala. 236, 80 So. 590, 591 (1921).
In short, there existed two causes of action with material facts to support them. *469 Consequently, when the facts in the complaint and affidavit are viewed in a light most favorable to the party moved against, we conclude the appellees were not entitled to a summary judgment. Chapman v. Tison, 137 So.2d 605 (Fla. 2d DCA 1962) and Jerry Norris, Inc. v. Ackel, 311 So.2d 712 (Fla. 4th DCA 1975).
Accordingly, we REVERSE and REMAND the cause for further proceedings consistent with the views herein expressed.
BOARDMAN, A.C.J., and SCHEB, J., concur.