FRANK, Judge.
The appellant, WTSP-TV, Inc. (WTSP), appeals from an order awarding a real estate commission to Number One Realty Center, Inc. (Number One), and Number One has cross appealed the denial to it of an attorney’s fee.
We summarize the factual setting in which this matter arises. Pursuant to an exclusive listing agreement, WTSP agreed to pay Number One a commission equal to ten percent of the sale price of WTSP’s real property in the event Number One succeeded in “finding a purchaser....” WTSP promised to pay the commission to Number One even if a purchaser were procured by another cooperating broker. The listing agreement provides that the party successfully seeking its enforcement is entitled to the recovery of attorney’s fees. Number One agreed to pay the cooperating broker, Key Coastal Realty, Inc. (Key Coastal), a share of the commission. During the period of the listing contract, Key Coastal procured a buyer, Anthony Ballato, and submitted a contract to WTSP which it accepted. The sales contract, prepared by Key Coastal’s agent, contained a notation providing for a “50/50” split of the total commission between Key Coastal and Number One. Eventually, but after the expiration of the exclusive listing contract, the sale was completed. Some time prior to the closing, however, Key Coastal lost its brokerage license with the result that section 475.41, Florida Statutes (1985), prohibited it from receiving any portion of the commission. Thus, at the closing, WTSP’s attorney paid one-half of the total commission to Number One but retained the remaining $30,000.00 in escrow because of his uncertainty as to the distribution of that amount. As a result, the attorney interpleaded the $30,000.00. In the interpleader action, WTSP claimed the undistributed money but the trial court ultimately awarded it to Number One based upon the principle of an unjust enrichment if it were paid to WTSP.
 We agree with WTSP’s first, but wholly technical, point on appeal challenging the applicability of the unjust enrichment theory. To have awarded the $30,-000.00 to WTSP would have resulted in a literal unjust enrichment — but that doctrine is not applicable to a dispute of this kind. Cf. Coffee Pot Plaza v. Arrow Air Conditioning, 412 So.2d 883 (Fla. 2d DCA 1982). WTSP received the full measure of its bargain with Number One, i.e., its property was sold and the commission was earned. WTSP’s standing as a claimant to the $30,-000.00 was and is no greater than would be that of a stranger to the transaction.
WTSP’s second contention that no theory supports Number One’s claim to the commission is no less unpersuasive. Number One is entitled to the agreed upon ten percent commission — $60,000.00—based upon the original exclusive listing contract and the fact that Ballato was procured by a cooperating broker during the term of the listing agreement. See Mid-Florida Realty Associates, Inc. v. Truesdell, 454 So.2d 747 (Fla. 5th DCA 1984). The delay in closing until after the expiration of the listing agreement is of no consequence. Sanson v. Dutcher, Higginbotham & Bass, 401 So.2d 913 (Fla. 4th DCA 1981). In a contest with WTSP, the “procuring cause doctrine” entitles Number One to the undistributed $30,000.00. See Monrose, Inc. v. Baldridge, 423 So.2d 467 (Fla. 2d DCA 1982). The arrangement between Number One and Key Coastal created no entitlement in WTSP to the money, a fact unaffected by Key Coastal’s inability to receive its share of the commission.
The trial court, although reaching the right result, erroneously relied upon unjust enrichment as the basis for awarding the money to Number One. Nevertheless, we affirm. See Moudy v. Southland Distributing Co., 452 So.2d 1045 (Fla. 2d *1275 DCA 1984). Accordingly, Number One is entitled to a reasonable attorney’s fee for services performed before the trial court and we remand for the determination of such fee.
Affirmed.
SCHEB, A.C.J., and DANAHY, J., concur.