519 So.2d 739 (1988)
STADLER COMMERCIAL REAL ESTATE SERVICES, INC., Appellant,
v.
INDUSTRIAL WASTE SERVICES, INC., Appellee.
No. 86-2955.
District Court of Appeal of Florida, Third District.
February 9, 1988.
*740 Patton & Kanner, Daniels & Hicks and Mark Hicks, Miami, for appellant.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel and Alan T. Dimond and Raquel A. Rodriguez, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is an appeal by a plaintiff real estate broker from a final summary judgment in an action to recover a real estate broker's commission. The facts of this case are most complex, and we will not burden this opinion with an extensive recitation of same. Suffice it to say, however, that the evidence in the record fully supports the final judgment under review because it demonstrates that the plaintiff broker was not the procuring cause of the sale of the waste company business involved in this case. We, accordingly, affirm.
The plaintiff broker's only connection with this sale was that (a) it disclosed the seller's identity and certain figures connected with the waste company business to a cooperating second broker, who represented an ultimately unsuccessful purchaser of the said business, with an admonition not to reveal this information to anyone; (b) the second broker disclosed the above information to a third broker, contrary to the plaintiff broker's specific instructions, also with an admonition not to reveal this information to anyone; (c) the third broker then disclosed the above information to the ultimate buyer, against the specific instructions of the second broker, and ultimately effected the sale of the said waste business. Based on this scenario, it is obvious that the plaintiff had no role in bringing about the instant sale, and its connection therewith was entirely accidental. It was therefore not entitled to a commission in this case. Shuler v. Allen, 76 So.2d 879 (Fla. 1955); Warren Hunnicutt, Jr., Inc. v. Gleason, 462 So.2d 878 (Fla. 2d DCA 1985); Scott v. Downey, 314 So.2d 16 (Fla. 4th DCA 1975).
Affirmed.