793 So.2d 1054 (2001)
VENTURVEST REALTY CORPORATION, Appellant,
v.
A.K.S.I.P. CORPORATION, Appellee.
No. 3D00-1938.
District Court of Appeal of Florida, Third District.
July 25, 2001.
Rehearing and Rehearing Denied September 19, 2001.
*1055 Robert C. Gilbert and Sandy P. Fay, Coral Gables, for appellant.
Broad and Cassel and Gary E. Lehman and Maria C. Montenegro, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and COPE, JJ.
Rehearing and Rehearing En Banc Denied September 19, 2001.
PER CURIAM.
In an action brought to recover a real estate brokerage commission, the broker appeals from a final judgment entered for the seller following a bench trial. For the reasons that follow, we reverse.
The Shoppes of Cooper City consists of improved property and an out-parcel owned by A.K.S.I.P. Corporation (the seller), which acquired the property through a quit claim deed in lieu of foreclosure. After A.K.S.I.P. had acquired title, it orally requested that Venturvest act as its exclusive broker to market the property in exchange for a 4% commission. The broker received two written offers from GFS Corporation. GFS offered to purchase the improved property, but not the out-parcel, for $2,800,000.00. The seller insisted on receiving $3,350,000.00 for both the improved property and the out-parcel. Negotiations were held during the months of May and June, 1996, but no sale was consummated.
In August 1996, the seller terminated the broker's listing and hired Terranova *1056 Corporation to market the property; the seller agreed to a sixty-day protection period with Venturvest. Venturvest tried to contact GFS, the potential buyer, but GFS refused to deal with the broker. In April 1997, Terranova brokered the sale to GFS of only the improved property for $2,900,000.00. The seller paid a $100,000.00 commission to Terranova. The broker sued for a commission; following a bench trial, the court granted the seller's motion to dismiss and entered judgment for the seller. The broker appeals.
Contrary to the trial court's order, Venturvest was the procuring cause of the sale and is entitled to a broker's commission. "A broker, to be considered the `procuring cause' of a sale, must have brought the purchaser and seller together and effected a sale through continuous negotiations inaugurated by him unless the seller and buyer intentionally exclude the broker and thereby vitiate the need for continuous negotiations." Sheldon Greene & Assoc., Inc. v. Rosinda Investments, N.V., 475 So.2d 925, 927 (Fla. 3d DCA 1985). Venturvest brought the buyer and the seller together and engaged in continuous negotiations with the buyer until all negotiations with the buyer ceased for five months. When Terranova brokered the sale to GFS, Venturvest was excluded from the negotiations. The seller and buyer need not have acted in a "`secret,' `clandestine' and `conspiratorial'" manner. Id. at 928. "[T]hese terms, in this context, mean nothing more than that the buyer has negotiated directly with the seller without the participation of the broker who first called the property to the buyer's attention." Id. (emphasis added). In this case, the seller and the buyer, who had been brought together by Venturvest, struck their own deal through Terranova, thus making it impossible for Venturvest to see its negotiations through to fruition.
In determining that Venturvest was the procuring cause of the sale, it is of no legal consequence that its exclusive listing period had ended. A broker may recover a commission "even after expiration of the listing agreement which contained an exclusive right to sell provision." Monrose, Inc. v. Baldridge, 423 So.2d 467, 468 (Fla. 2nd DCA 1982). See also Sanson v. Dutcher, Higginbotham & Bass, Inc., 401 So.2d 913 (Fla. 4th DCA 1981).
Likewise, the variation between the initial offer for the sale of both the improved property and the outparcel and the ultimate sale of only the improved property does not defeat Venturvest's status as the procuring cause of the sale. See Estes v. Moylan, 94 So.2d 362 (Fla.1957) (holding that broker who brings parties together and begins negotiations can recover commission even though original terms stated by owner and those finally accepted vary); Danieli Corp. v. Bryant, 399 So.2d 387 (Fla. 4th DCA 1981) (same).
Reversed and remanded for entry of judgment in favor of Venturvest.