PER CURIAM.
Richard Boone, Appellant, challenges a final judgment in favor of Appellees. We reverse the trial court’s determination that Appellant was entitled only to a referral fee on the sale of certain Tidewater condominium units. We affirm all remaining issues as the trial court’s factual findings are supported by competent, substantial evidence.
Prior to obtaining his Florida real estate license, Appellant referred many buyers to the Tidewater condominium property. *529 Appellant received a 25% referral fee for those reserving units at Tidewater. Because of delays in construction, these contracts went beyond the 2-year contract period and had to be rewritten. By the time the contracts were rewritten, Appellant had obtained a Florida real estate license. Appellant was listed as the sales agent on such contracts. Therefore, Appellant claimed an entitlement to a full agent’s commission on those contracts, not simply a referral fee. The trial court, in the final judgment, found that Appellant had. fairly received a referral fee for certain Tidewater units “for those transactions for which he was the procuring cause.”
This is a straightforward contract case. The trial court applied an incorrect standard in determining that Appellant was not entitled to receive a full commission on the Tidewater units. Case law associates procuring cause with controversies between two brokers or brokers and sellers/buyers. See, e.g., Rotemi Realty, Inc. v. Act Realty Co., 911 So.2d 1181 (Fla. 2005); Venturvest Realty Corp. v. A.K.S.I.P. Corp., 793 So.2d 1054 (Fla. 3d DCA 2001). No court has yet applied the “procuring cause” standard to the sales agent/broker relationship. This is an agency relationship pursuant to section 475.01(l)(j), Florida Statutes (2003), and, in the instant case, defined by the parties’ employment contract.
Appellees introduced two different Independent Contractor Agreements, only one signed by Appellee William Smith, Appellant’s broker. Both boiler-plate agreements state that the broker will compensate the real estate sales agent in proportion to the sales agent’s “output.” The agreements do not mention “procuring cause” as a requirement for compensation. Accordingly, we reverse the final judgment as to this issue and remand for the trial court to determine Appellant’s entitlement to a full real estate commission on the Tidewater units pursuant to the employment contract and not under a “procuring cause” standard.
AFFIRMED, in part; REVERSED, in part; and REMANDED for further proceedings.
VAN NORTWICK, BROWNING and THOMAS, JJ., concur.