SCHWARTZ, ALAN R., Senior Judge.
Both sides appeal an amended final order entered after we remanded the case to the trial court in Boone v. Pelican Real Estate & Dev. Co., Inc., 13 So.3d 528 (Fla. 1st DCA 2009). We need not decide the merits of any of the substantive points raised on appeal or cross-appeal because even considering them is precluded by the effect of the prior judgment and our previous opinion under doctrines of finality, see Arky, Freed, Stearns, Watson, Greer, Weaver Harris, P.A. v. Bowmar Instrument Corp., 537 So.2d 561, 563 (Fla.1988) (requiring litigants, in the interests of finality and judicial economy, to “present all claims to the extent possible, at one time, and one time only”), the law of the case, see Florida Department of Transportation v. Juliano, 801 So.2d 101, 105-06 (Fla.2001) (binding trial court “to follow prior rulings of the appellate court as long as the facts on which such decision are based continue to be the facts of the case”), and the requirement of strict adherence to the terms of a previous appellate mandate. See St. Lucie Harvesting and Caretaking Corp. v. Cervantes, 664 So.2d 7, 7 (Fla. 4th DCA 1995) (narrowly limiting trial court discretion to deviate from scope of mandate on remand where mandate is clear and decided). The record shows that the trial court properly resolved the very limited issue remanded for its consideration. It was neither required nor permitted to go further.
AFFIRMED.
PADOVANO and CLARK, JJ., concur.