DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PETER CHINNOCK,**
Appellant,

v.

**PENN-FLORIDA REALTY CORPORATION,**
Appellee.

No. 4D20-2266

[March 30, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 502017CA002308XXXXMB.

Karen Coolman Amlong and William R. Amlong of The Amlong Firm, Fort Lauderdale, for appellant.

William J. Cornwell and David K. Friedman of Weiss, Handler & Cornwell, P.A., Boca Raton, for appellee.

PER CURIAM.

A jury found that Penn-Florida Realty Corporation discriminated against Peter Chinnock because of his age and that it breached a contract with Chinnock for commissions on real estate transactions. The trial court set aside the verdict, concluding Chinnock was not an employee of Penn-Florida. Chinnock appeals the court's order setting aside the verdict. He raises four issues on appeal. We affirm three issues without discussion, concluding the court correctly set aside the verdict on the discrimination claims. We reverse on the fourth issue.

For the fourth issue, Chinnock argues the court erroneously set aside the jury's verdict on his breach of contract claim. Chinnock argues the trial court erred in setting aside the verdict on the contract claim because the jury's verdict was supported by competent and substantial evidence. Penn-Florida concedes the trial court's basis for setting aside the jury's verdict on the contract claim was erroneous but insists the trial court can be affirmed because Chinnock did not have a contractual right to the lease renewal commission.

At trial, Chinnock testified about his involvement in two lease renewals that he stated entitled him to commission. He testified that he began preliminary discussions about the lease renewals with the companies leasing the properties, discussed the needs of those companies with the chief executive officers, and, in one instance, showed potential properties to the chief executive officer. Chinnock also testified that he discussed pricing and was prepared to draft the necessary paperwork. But, according to Chinnock, he was told to "back off."

Through this testimony, Chinnock presented competent substantial evidence supporting the jury's verdict on the breach of contract claim. *See, e.g., S. Pac. Enterprises, Ltd. P'ship v. Cornerstone Realty, Inc.,* 672 So. 2d 568, 570 (Fla. 4th DCA 1996); *Nat'l Airlines, Inc. v. Oscar E. Dooly Assocs., Inc.,* 160 So. 2d 53, 55 (Fla. 3d DCA 1964). The court erred in setting aside the jury's verdict on that claim.

We affirm in part and reverse in part the circuit court's order setting aside the jury's verdict. The portion of the order setting aside the verdict on the breach of contract claim is reversed. On remand, the court must reinstate the jury's verdict of $34,776.72 for the breach of contract claim. The order is otherwise affirmed.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

CONNER, C.J., WARNER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2