A. T. STRANO, *Plaintiff in Error*, v. CARR & CARR, INC., *Defendant in Error.*

Division B.

Opinion filed February 6, 1929.

*McCoy & Finch,* for Plaintiff in Error;

*Wideman & Wideman,* for Defendant in Error.

BUFORD, J.—In this case a real estate broker brought suit to recover the amount of commissions alleged to be due him from the defendant. The declaration upon which trial was had contained eight counts. The first two counts were special counts on the contract. The remaining counts were the common counts. There was a judgment for the plaintiff to which writ of error was taken. The evidence fails to support the verdict under either count of the declaration. This Court, in Wiggins, Administrator, v. Wilson et al., 55 Fla. 346, 45 So. R. 1011, enunciated the rule applicable to suits based on contract like that involved here in the following language:

A broker employed to *find a purchaser* to be entitled to compensation must either *produce to the owner* a customer who is able, ready and willing to buy *on the terms prescribed by the owner,* or else take from the customer a binding contract of purchase within such prescribed terms.

This rule has been adhered to in this jurisdiction up to the present time and is conceded to be the correct rule by a majority of the courts of final jurisdiction.

The only one of the common counts under which the plaintiff might have hoped to maintain his action was count 4, which was in the following language:

And in a like sum for work and labor and the services of the plaintiff by it done and bestowed in and about the business of the defendant at his request on the 5th day of August, 1925.

It appears to be settled beyond all question of controversy that to maintain an action under this count it must be shown that he who is to be charged either accepted the service rendered or was benefited thereby, or had agreed to pay the plaintiff for such service as was rendered.

The evidence fails to show that the parties sought to be charged, the defendant in this case, accepted the labor and services alleged to have been rendered or that he profited or was benefited thereby, or that he had agreed to pay the plaintiff for such labor and service as was proven to have been rendered.

To have met the necessity of proving that the defendant had agreed to pay for the services alleged to have been rendered, it would have been necessary for the plaintiff to have made proof of the facts required under the rule as enunciated in Wiggins, Administrator, v. Wilson et al., *supra.*

It appearing that there was insufficient evidence to support the verdict under either count of the declaration, the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.