MATHEWS, Justice.
This is an appeal from a final judgment concerning commissions of a real estate broker.
In this case the Judsons owned a home on Sunset Island No. 1 in Miami Beach which they desired to sell. The price was reasonably set at $140,000. Mobley, the appellee, was a real estate broker and the property was listed with him, not exclusively, for sale. Later Mobley and Mrs. Judson, the appellant, agreed that Mobley should sell the property for not less than $125,000. Mr. Judson was sick and eventually died. By reason of his sickness Mobley could not show the house immediately. Later Judson got better and Mobley was able to show the house to the Collins. The Collins liked the house but were not interested in purchasing the same for two reasons stated to Mobley:. (1) the price was too high, and (2) they would not purchase the house unless they could sell a home which they owned on Sunset Island No. 2. Mobley thoroughly understood this.
Mobley made no effort of any kind to satisfy the conditions laid down by the Collins that they would not be interested in purchasing the property at the price of $125,000, and that they would not purchase unless they could sell their home on Sunset Island No. 2. Later, another real estate broker by the name of Shuey found out that the Collins wished to sell their home on Sünset Island No. 2 and that the Judsons wished to sell their home. Both properties were listed with him and in due course, he, Shuey, sold the home owned by the Collins on Sunset Island No. 2, thus meeting one of the essential conditions laid down by the Collins for the purchase of the Judson home, and (2) he obtained *731 a .firm offer from the Collins for $117,500 which was accepted by the Judsons and a sale consummated.
At the conclusion of the plaintiff’s (ap-pellee’s here) case, and after he had announced closed, the defendant, (appellant here) made a motion for directed verdict which was argued in the' afternoon. The court took the motion under advisement until the following morning. When court convened, the Court said: "Gentlemen, I can’t see it. I am going to direct a verdict in the case. I have studied the case overnight and I have come to that conclusion.”
After this statement by the Court, the appellee made a motion to re-open his case for the purpose of offering the testimony of John E. Shuey, which had been taken by deposition by the appellant and for the appellant. The Court granted this motion.
The testimony of Shuey did not add anything to the appellee’s case. If it did anything at all, it rather confirmed the fact that he could not make a sale of the Judson property until he sold the Collins home on Sunset Island No. 2, and without a reduction in price from $125,000, which had been quoted to the Collins by Mobley, and which price had not been acceptable.
There can be no question under the facts in this case that Mobley did not sell the property and he did not produce a purchaser able and willing to purchase under the terms fixed by Mrs. Judson. He made no effort to remove the conditions laid down by the Collins. The evidence on all these material questions is plain and un-contradicted.
After the appellee found out that the conditions had been met by another broker and that this broker had sold the house for the Collins on Sunset Island No. 2 and had secured a reduction in price, satisfactory to the Collins, and that the Judson property had been sold to the Collins, he then became interested in the property again and in the suit sought to receive compensation or commission for a service which he had not rendered and which had been rendered by another broker. He showed the property one time and, so far as the record discloses, he made no effort whatsoever to meet the conditions laid down by the Collins. He did not sell the property to the Collins and he did not produce a purchaser ready, able and willing to buy. See Wiggins v. Wilson, 55 Fla. 346, 45 So. 1011; Varn v. Pelot, 55 Fla. 357, 45 So. 1015; Malever v. Livingston, 95 Fla. 272, 116 So. 15; Strano v. Carr & Carr, Inc., 97 Fla. 150, 119 So. 864; Hart v. Pierce, 98 Fla. 1087, 125 So. 243; Waters Realty Company v. Miami Tripure Water Co., 100 Fla. 221, 129 So. 763; 8 Am.Jur. page 1069.
The trial Judge was correct in the first place when he said that he was going to direct a verdict for the defendant (appellant here) and as Shuey’s testimony did not strengthen, but rather weakened, the case for the plaintiff (appellee here), the trial Judge committed error in submitting the case to a jury when there was no material question of fact to be settled or determined by the jury.
Reversed with directions to set aside the judgment and for further proceedings in accordance with this opinion.
HOBSON, C. J., and TERRELL, THOMAS and SEBRING, JJ., concur.
ROBERTS, J., and HOOKER, Associate Justice, dissent.