BARKDULL, Judge.
Appellant, who was the plaintiff in the trial court, appeals from an adverse summary judgment dismissing his cause of action.
The record reveals that the appellant was the assignee of certain commissions earned by Bennett Lifter, who was employed as a real estate broker to secure a tenant for the lease of certain premises owned by the appellee. Lifter found a tenant and a lease agreement was entered into, at which time Lifter and the appellee entered into the following letter arrangement:
“This is to acknowledge that you were the procuring factor for the above lease, and as such have earned a brokerage commission of $5,000.00, to be paid in the following manner:
$2,000.00 upon commencement date of the lease (which is to be 60 days from date of application for building permit);
$2,000.00 on the first anniversary of the commencement date;
$2,000.00 on the second anniversary of the commencement date.
“It is understood and agreed that said payments are to be made only if the lease is in good standing and effect on the dates when the payments will become due and payable.”
Lifter assigned his right to the commission earned to the appellant herein after receiving the initial payment but prior to the final two payments. Subsequent thereto, and after the second payment provided for in the letter had been made, the lease was terminated through no fault of either the broker, the appellant or the landowner. The appellant then instituted the action in the trial court to recover the balance of the broker’s commission. The landowner defended and contended that the lease had been terminated [through no fault of the landowner] prior to the second anniversary date and, therefore, there was no liability to pay the broker’s commission. The trial court granted a summary judgment in favor of the landowner [the appellee herein] and dismissed the cause.
At the time the trial court entered its order, here under review, the final decision of the Supreme Court of Florida in Cohen v. Mohawk, Inc., Fla.1962, 137 So.2d 222, had just been rendered and counsel [in oral argument] conceded that this was not called to the attention of the trial judge. It appears that this decision of the Supreme Court of Florida is controlling in this situation, and that the final summary judgment of dismissal should be reversed with directions to enter a judgment for the broker.
Under a normal brokerage arrangement, a broker’s commission is earned at the time he either procures a purchaser ready, willing and able to buy or lease, or consummates a sale or lease; and that if, at the time of the closing of the transaction, *16 the broker defers the collection of his commission [which is already earned] this is an unenforceable agreement as being without consideration. Unless, of course, the parties can show that there was additional consideration for the agreement to defer the collection of commissions already earned, or can establish that the original employment agreement of the parties provided that when and if a brokerage commission was earned it would be paid in installments, or in any other form that the parties might agree.
Therefore, for the reasons above stated, the judgment here under review is reversed with directions to enter a judgment for the appellant.
Reversed with directions.