CARROLL,’ Judge.
This is an appeal by the plaintiff below from an adverse judgment in an action for a real estate commission. The plaintiff broker, Mrs. Zide, alleged employment to secure a purchaser on terms acceptable to the defendant owner, and alleged performance. A signed contract of the purchaser was attached to the complaint. The defendant answered with a general denial. On trial, the court directed a verdict for the defendant, and entered judgment thereon. Plaintiff moved for a new trial which was denied. The determinative question on this appeal is whether the evidence presented by plaintiff made a prima facie case. It was disclosed in the evidence that the property involved was owned by Mrs. Arthur, a widow; that her business was looked after by her daughter and her lawyer; that the plaintiff broker first submitted a purchase offer by a person named Green, which offer was considered by Mrs. Arthur and her daughter Mrs. Carlson and rejected; that a few-days later Mrs. Carl *748 son informed the broker her mother had made provision that any further negotiations respecting the property were to be handled by her lawyer. Shortly thereafter there were a series of conversations between the broker and Mrs. Arthur’s lawyer, in the course of which the lawyer specified the price, and the terms- and conditions upon which the property could be sold. Acting thereon the broker procured a purchaser, a Mrs. Altman, who signed a contract to purchase the property for $55,000 on the terms specified by the seller’s lawyer. A conference was then had, attended by Mrs. Arthur, her daughter, her lawyer and Mrs. Zide, at which the lawyer announced the contract was satisfactory and met the terms. Mrs. Arthur and her daughter desired to go home and think it over, and to inform their lawyer the following day as to their decision. The next day, by telephone, the lawyer told the broker that Mrs. Arthur had accepted, and asked the broker to come by the office in about an hour and pick up the signed contract. Some twenty minutes after that conversation the lawyer phoned the broker and said Mrs. Arthur had changed her mind and had decided not to sell the property until later. The foregoing facts were sufficient to establish a prima facie case. See Wiggins v. Wilson, 55 Fla. 346, 45 So. 1011, 1013; McAllister Hotel v. Porte, Fla.1957, 98 So.2d 781, 783. In the last cited case the Supreme Court said (98 So.2d at 783):
“In the often cited case of Wiggins v. Wilson, 55 Fla. 346, 45 So. 1011, this Court undertook to delineate the distinction between a broker employed to sell as distinguished from a broker employed to find a purchaser. One who is employed to sell is not entitled to a commission until a sale is effectuated or until the broker procures from his customer a binding contract of purchase. If the broker is employed merely to find a purchaser he must either take from the customer a binding contract of purchase or in the alternative he must present to the seller a customer who is actually ready, able- and willing to buy on the terms prescribed by the owner in the listing contract.” [Italics supplied.]
In the earlier case of Strano v. Carr & Carr, Inc., 97 Fla. 150, 119 So. 864, it was said:
“ ‘A broker employed to find a purchaser to be entitled to compensation must either produce to the owner a customer who is able, ready and willing to buy on the terms prescribed by the owner, or else take from the customer a binding contract of purchase within such prescribed terms.’
“This rule has been adhered to in this jurisdiction up to the present time, and is conceded to be the correct rule by a majority of the courts of final jurisdiction.”
Whereupon the judgment is reversed and the cause remanded for new trial.
Reversed and remanded.