McCAIN, Judge.
Plaintiff appeals in these consolidated causes from adverse final judgments in an action to recover a broker’s commission.
At issue is the validity of the trial court’s action in directing verdicts on certain counts in an amended complaint and in charging the jury. We reverse.
The salient facts revealed by the record are: Welch, president of plaintiff corporation, became aware defendant Gerber owned a desirable piece of property; thereafter, Gerber advised Welch he had sold the property to defendant Johnson and would be happy to call Johnson for him; Welch talked with Johnson who described his proposed development of the property and agreed to give Welch an oral listing to sell residential lots; in furtherance thereof Welch placed ads in the local newspapers; an attorney who responded to one of the ads introduced Welch to several persons including Wolfe; Welch then introduced these gentlemen to Johnson who also advised them of his development plans; *427 Johnson advised Welch not to worry about the commission; Welch discovered that Johnson did not own the property but merely had a contract to purchase it from Gerber; an option agreement was drawn up between Melaleuca Farms and Gerber (the general partner thereof) designated as “owners” and Sunrise Golf Development Corp., designated as “optionee”; under the terms of the agreement Sunrise could acquire 40 acres of property on successive six month intervals; Johnson held 47)4% of the Sunrise stock with the other 52)4% held by the aforementioned attorney, Wolfe’s wife and son; under the agreement 80 acres of the land were conveyed.
Plaintiff sued Johnson, Gerber and Me-laleuca on four counts: Count I sought damages from Johnson for a broker’s commission on an oral listing; Count II alleged damages by all defendants on an implied contract-unjust enrichment theory; Count III sought damages from Gerber and Melaleuca for a broker’s commission alleging Johnson to be their agent in the sale of the property; and Count IV claimed all defendants to be liable because of a civil conspiracy to deprive plaintiff of its commission.
At the close of plaintiff’s case the trial court directed a verdict in favor of defendants Gerber and Melaleuca as to all counts against them and directed a verdict in favor of Johnson on Counts I, III, and IV. This left only the issue as to Johnson in Count II, and after a charge to the jury that plaintiff could not recover unless there had been a sale by Johnson, a verdict was returned in the latter’s favor.
If a recovery can be lawfully had upon any view taken of facts which the evidence tends to establish, a case should not be taken from the jury by direction of verdict.[1]
When a defendant moves for a directed verdict the plaintiff is entitled to have all conflicts in evidence or inconsistencies resolved in his favor, and all reasonable inferences logically deductible from the evidence are to be viewed in a light most favorable to him.[2]
Viewing the evidence in a light most favorable to the plaintiff, the jury could reasonably infer that the plaintiff procured the attorney, Wolfe’s wife and son as purchasers for defendant Johnson and that either or all of them were ready, willing and able to purchase lots upon the specified terms and conditions of the oral agreement between plaintiff and Johnson.[3] For this reason error was committed when the trial court directed a verdict for defendant Johnson on plaintiff’s Count I.[4]
Again viewing the evidence in its most favorable light to plaintiff, the jury could reasonably infer that defendants Gerber and Melaleuca were unjustly enriched by virtue of a contract implied in law between them and the plaintiff.[5] For this reason *428 the court erred in directing a verdict in favor of Gerber and Melaleuca Farms on Count II of the amended complaint.
Treating Count III, plaintiff contends Johnson as agent for Gerber and Melaleu-ca employed him to sell the property. The evidence is conducive of the conclusion plaintiff relied upon the representation by Gerber that Johnson had purchased the property from him, later learning Johnson only had an option. In either event, plaintiff produced those persons who with Johnson became the owners, purchasing from Gerber and Melaleuca. This would support an agency relationship between Johnson (the alleged agent) and Gerber and Mela-leuca (the alleged principals). Therefore, Count III should have also been submitted to the jury.
Count IV of the amended complaint charged all defendants with a conspiracy to deprive plaintiff of its broker’s commission. Once again we conclude that error was committed because in considering the evidence most favorably to plaintiff as above recited the jury could find that such a conspiracy did in fact exist.[6]
Finally, we arrive at the alleged error in instructing the jury on the remaining portion of Count II relative to defendant Johnson’s unjust enrichment. In this instance, the evidence could be construed that Johnson held himself out as owner of the property at the time plaintiff procured the ultimate purchaser (s). Therefore, if the jury found plaintiff did indeed procure buyers who were ready, willing and able to purchase under the specified conditions, then a commission would be due plaintiff without necessity of any transfer of title by defendant Johnson.[7] This being the case, it waf error for the court to instruct the jury that plaintiff could not recover unless there was “a sale by Mr. Johnson of the property involved.” [8] Furthermore, under the circumstances revealed by this record, the giving of this instruction three times to the jury was prejudicial.
For the aforementioned reasons we reverse and remand this cause for a new trial consistent with the views expressed herein.
WALDEN, J., and TROWBRIDGE, C. PFEIFFER, Associate Judge, concur.

. City of Hialeah v. Revels, Fla.App.1960, 123 So.2d 400.

. Wilson v. Bailey-Lewis-Williams, Inc., Fla.App.1967, 194 So.2d 293.

. Under the normal brokerage arrangement, as herein, a broker’s commission is earned at the time he either procures a purchaser ready, willing and able to buy or lease, or consummates a sale or lease. Sheldon v. Okeechobee & N.W. 36th Street Corp., Fla.App.1962, 147 So.2d 14.

. Johnson contends that he cannot be liable because he was not the vendor in the ultimate transaction. This argument is without merit, for when plaintiff procured the ready, willing and able purchaser (s), Johnson held himself out to be the vendor. Assuming plaintiff was not entitled to his commission at that time, at the very latest, the moment Johnson took title by virtue of the option agreement, the commission became effective. Lalow v. Codorno, Fla.1958, 101 So.2d 390 (This note necessarily views the facts most favorably to plaintiff).

. 28 Fla.Jur., Restitution and Implied Contracts, § 11; Strano v. Carr & Carr, Inc., 1929, 97 Fla. 150, 119 So. 864; Moylan v. Estes, Fla.App.1958, 102 So.2d 855.

. Mead Corporation v. Mason, Fla.App.1966, 191 So.2d 592.

. 5 Fla.Jur., Brokers, § 42, supra note 4.

. Green v. Atlantic Co., Fla.1952, 61 So. 2d 185.