310 So.2d 767 (1975)
LEON REALTY, INC., et al., Appellants,
v.
Sidney HOUGH and Jim Burnette, Appellees.
No. U-476.
District Court of Appeal of Florida, First District.
April 2, 1975.
Rehearing Denied April 29, 1975.
W. Dexter Douglass, of Douglass & Powell, Tallahassee, for appellants.
Brian T. Hayes, Monticello, Julius F. Parker, Jr., and M. Howard Williams, Tallahassee, for appellees.
BOYER, Judge.
We are here asked to review a Final Judgment entered on a jury verdict which awarded to appellees, plaintiffs below, a real estate commission of $55,581.98 based on a finding that appellees were 30% of the procuring cause of the sale of certain real property. Appellant Leon Realty, Inc., one of the defendants below, found by the jury to be the other 70% of the procuring cause of the sale, contends that it was the sole procuring cause and is entitled to the entire commission totalling $185,276.47.
*768 The land involved in this dispute was owned by appellant Millard Caldwell, who was contacted in early March, 1971 by appellee Jim Burnette, a registered real estate broker. Discussions between the two culminated in an oral agreement in which Caldwell agreed to list with Burnette most of the land which was eventually sold and gave rise to this action; the sale price to be $3,000 per acre net to Caldwell. There is no contention that the listing was to be exclusive. Appellee Sidney Hough assisted Burnette in showing the property. Hough showed the property to Frank Donaldson, president of Woodgate Corporation, and quoted him a price of $3,250.00 per acre.
In October of 1971, Leo Crutchfield, president of appellant Leon Realty, Inc., obtained an oral listing of the subject property from Caldwell at a sale price of $2,500.00 per acre, net to Caldwell. Leon Realty thereafter showed the property to several prospective purchasers, including Frank Donaldson from whom Leon Realty received an offer to buy 985 acres at $2,750.00 per acre. Appellant Robert Holt, (an employee of Leon Realty who showed the property to Donaldson) was told by Donaldson that he had looked at the property with another broker whose name was not revealed to Holt. Although Crutchfield testified that he was not aware that another broker was involved, Shellie Rowell, another employee of Leon Realty, stated that Caldwell had told them that another broker had been concerned with the property. Caldwell, through Holt and Crutchfield of Leon Realty, ultimately sold the property to Donaldson for $2,750.00 per acre.
Appellants assert that the oral agreement between Caldwell as Seller and Burnette and Hough as Brokers constitutes a "right to sell" as distinguished from a "right to find or procure a purchaser". In the latter instance a broker is entitled to his commission when he procures a purchaser ready, willing and able to perform upon the terms fixed. In the former, the broker must not only find a purchaser who is ready, willing and able to buy, but he must also actually effect the sale or procure from his prospective purchaser a binding contract of purchase within the terms of his authority.[1]
The record reveals that the agreement between appellees and Caldwell established at most a "right to sell". Since the ultimate purchaser did not agree to pay the stated price, it would appear that Hough and Burnette could not recover on their contract with Caldwell. Yet, appellees insist that they were the procuring cause of the sale of Caldwell's property and that they are entitled to be compensated for services rendered. (See Shuler v. Allen, Sup.Ct.Fla. 1959, 76 So.2d 879) The trial court accepted that contention and accordingly framed the following issues for the jury's consideration: (1) Are the plaintiffs the procuring cause of the sale of land involved? (2) If the jury should find that plaintiffs and the defendants were the procuring cause, what is the percentage of each in such procurement? The jury's verdict indicated that appellees Burnette and Hough were 30% of the procuring cause of the sale involved.
Appellants urge that there is no statutory nor case authority for the procedure adopted by the trial court which called for Caldwell to place the total commission in a bank account pendente lite and allowed the jury to divide up the commission, Solomon-like, in whatever manner they chose. We have attempted, through independent research, to discover a case which would support the trial court's approach to this case. Our search has been futile. There was admittedly no contract, either express or implied, between appellant Leon Realty and appellees Hough and Burnette. Despite the absence of a contract, appellees were permitted to recover a portion of the *769 the commission paid to appellant Leon Realty which was paid pursuant to performance of the contract between Leon Realty and Caldwell. We know of no similar case which allows a party to recover on a contract to which he was not a party. (There is no contention that appellees were third party beneficiaries.) Accordingly, there was no basis in the evidence for submitting to the jury the issues hereinabove mentioned.
Moreover, in order to be the procuring cause of the sale of property, the broker must have brought the parties together and effected the sale as a result of continuous negotiations inaugurated by him. (Taylor v. Dorsey, 1944, 155 Fla. 305, 19 So.2d 876) These conditions were not met by the appellees in this case. Analogous is the case of Judson v. Mobley, Sup.Ct.Fla. 1953, 62 So.2d 730, where a broker who had a non-exclusive listing for the real estate involved, showed the property to the ultimate purchasers who liked the property but were not interested in buying because the price was too high and further said that they would not buy unless they could sell their own house. When a second broker sold the house to these purchasers, the first broker sued for his commission. The court noted that the first broker had made no effort of any kind to satisfy the conditions laid down by the prospective purchasers. The court further stated that the broker had not sold the house and did not produce a purchaser ready, willing and able to buy under the terms fixed by the owner of the property in question. Similarly, in this case, appellees did not produce a purchaser who would purchase the property on the terms contained in the oral agreement. Further, as in the Judson case, appellee Hough admitted that he made no attempt to persuade appellant Caldwell to reduce his original price, even after being requested by Donaldson to do so.
It is perhaps important to note that there is no contention here that Caldwell is liable for two commissions. The record reveals a pre-trial order which recites that "The issues of damages and breach of contract against the defendant Caldwell is limited to the sum stipulated to be the commission due regardless of which party recovers, that is $185,276.49." and in the Brief of Appellees it is recited that "on October 2, 1972, the Court entered its Pretrial Order limiting damages against Defendant, Caldwell, to the commission due, which was stipulated to by the parties."
In summary: Appellees had a verbal contract with Caldwell to sell the subject property for $3,000 per acre net to Caldwell. They did not perform under that contract. Leon Realty had a verbal contract with Caldwell to sell the subject property for $2,500 per acre net to Caldwell, under which it performed and the property was sold. There was no contract between Leon Realty, Inc. and appellees, express nor implied. Appellees were entitled under the evidence and law to no commission on the sale which they neither procured nor consummated.
We therefore hold that appellant Leon Realty, Inc. which completely performed its contract with Caldwell is entitled to recover the full commission. Accordingly, the judgment entered by the trial court is reversed, and this case is remanded for further proceedings consistent herewith.
Reversed.
RAWLS, C.J., and JOHNSON, J., concur.
NOTES
[1] Knowles v. Henderson, 1945, 156 Fla. 31, 22 So.2d 384; Leon Realty, Inc. v. Bradwell, Fla. App.1st 1973, 271 So.2d 771.