353 So.2d 859 (1977)
BANKS REAL ESTATE CORPORATION, Appellant,
v.
Robert GORDON and Lola Gordon Jacobson and Lola Jacobson and Dorothy Gordon As Co-Executrices of the Estate of Maurice Gordon, Tibor Hollo and Sheila Hollo, His Wife, Appellees.
Nos. 76-1870, 76-1871.
District Court of Appeal of Florida, Third District.
December 6, 1977.
Rehearing Denied January 16, 1978.
Edward C. Vining, Jr., Miami, for appellant.
Smathers & Thompson and Earl D. Waldin, Jr., Miami, for appellees Gordon & Jacobson.
Podhurst, Orseck & Parks, Miami, for appellee Hollo.
Before HENDRY, C.J., and NATHAN and HUBBART, JJ.
PER CURIAM.
These are consolidated appeals brought by Banks Real Estate Corporation (Banks), a brokerage firm which had shown a property unsuccessfully to purchasers who ultimately did buy it. Another broker received a commission on the sale, Banks, plaintiff below, sued both the buyers and the sellers alleging causes of action on theories of breach of an employment contract, conspiracy to bypass plaintiff and deprive it of its commission, unjust enrichment, interference with a business relationship, and fraud.
*860 After presentation of plaintiff's case in a non-jury trial, the court ordered an involuntary dismissal with prejudice and entered final judgments in favor of defendants/appellees. This appeal ensued. We agree with the trial court that, on the facts and the law, plaintiff has shown no right to relief, and affirm the decision below.
The dispute arose in the following manner. Banks was given an oral, non-exclusive listing by defendant Hollo on "Viscaya Towers" at a stated net price. Banks found several potential purchasers and submitted various proposals which were rejected by the seller as too low. Among the prospective purchasers were Maurice and Robert Gordon, father and son. Banks had previously sold real properties to Maurice Gordon wherein titles were taken in the names of Maurice's children and their spouses. During the course of the dealings at issue in the instant case, the Gordons had made several offers, none of which, when presented by Banks, was acceptable to Hollo. In the late stages of their transactions, there was conversation between one of Banks' salesmen and the Gordons to the effect that the latter might consider raising their offer, but Banks did not transmit this fact to Hollo.
Shortly after Banks produced its last purchase offer, another broker, Samuel Blair, obtained a non-exclusive oral listing of the same property from Hollo's attorney, James Cohen. Blair also sought to interest the Gordons in the property. He did so through the Gordons' attorney, Richard White. Initial negotiations between Blair and White were also non-productive. However, Cohen and White subsequently encountered each other on a plane trip and revived the negotiations. As a result, the property was purchased in the names of Gordon's daughter and son. Blair received a small commission, and Banks notified defendants of its claim to a commission, subsequently filing the suit now under consideration.
Involuntary dismissal is proper after presentation of plaintiff's case in a non-jury trial when, under the facts and the law, the party seeking affirmative relief has shown no right to relief. Fla.R.Civ.P. 1.420(b). In order to establish a right to relief, plaintiff must present a prima facie case as to the causes of action alleged. McKee v. Fairmont Homes, Inc., 155 So.2d 733 (Fla. 2d DCA 1963). See also Nelson v. Cravero Constructors, Inc., 117 So.2d 764 (Fla. 3d DCA 1960). Plaintiff is entitled to all reasonable inferences which can be drawn from the evidence presented.
Count I sought recovery of a brokerage commission from the seller under the theory that plaintiff had "produced" the ultimate purchaser. A broker is not entitled to a commission unless, at minimum, he produces a purchaser who is ready, willing and able to purchase under terms fixed by the seller. Judson v. Mobley, 62 So.2d 730 (Fla. 1953); Leon Realty, Inc. v. Hough, 310 So.2d 767 (Fla. 1st DCA 1975). See also Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384 (1945); Leon Realty, Inc. v. Bradwell, 271 So.2d 771 (Fla. 1st DCA 1973).
In order to be the procuring cause of the sale of property, the broker must have brought the parties together and effected the sale as a result of continuing negotiations inaugurated by him. Leon Realty, Inc. v. Hough, supra; National Airlines, Inc. v. Oscar E. Dooley Associates, Inc., 160 So.2d 53 (Fla. 3d DCA 1964); Dixson v. Kattel, 311 So.2d 827 (Fla. 3d DCA 1975). The evidence presented does not support a determination that Banks had produced a purchaser who was willing to meet the terms fixed by the seller nor that the sale was effected because of its continuing efforts. Therefore, Count I must fail.
Count II alleged that the parties had conspired to bypass plaintiff and deprive it of its commission. The count too must fail. Since plaintiff was not entitled to any commission, there can be no prima facie evidence of a conspiracy to deprive it of that to which it had no lawful claim.
Count III alleged unjust enrichment. In order to establish a prima facie case on this theory, plaintiff would have to have shown either the existence of an implied contract to pay him for his services in finding *861 and negotiating with the ultimate purchasers, see Estes v. Moylan, 94 So.2d 362 (Fla. 1957), or that he was the procuring factor in the sale. He did not do either. Therefore, this claim too must fail.
As to the final counts in interference with a business relationship and fraud, we are of the opinion that plaintiff did not present evidence establishing a prima facie case respecting either of them. See generally John B. Reid & Associates, Inc. v. Jimenez, 181 So.2d 575 (Fla. 3d DCA 1965); Mead Corporation v. Mason, 191 So.2d 592 (Fla. 3d DCA 1966); Smith v. Ocean State Bank, 335 So.2d 641 (Fla. 1st DCA 1976).
Banks' relationship with Hollo was a non-exclusive right to procure a purchaser for "Viscaya Towers" at a net price to the seller, with Banks to add on its commission. Hollo had the right to give another broker a non-exclusive listing. While evidence showed that Hollo knew Banks had dealt with the ultimate purchasers prior to consummation of the sale, there was also evidence presented which showed that Banks had ceased its efforts to convince the Gordons to raise their offer because it deemed such efforts fruitless. Banks never relayed to Hollo an offer from the Gordons which was equivalent to the accepted price. No evidence was presented which showed the buyers knew, prior to closing, what commission the seller would pay the broker who effected the sale.
Not only did Banks not procure the purchaser, it neither alleged nor proved that it persuaded the Gordons to purchase in accordance with the terms of the listing. See Retzky v. J.A. Cantor Associates, Inc., 192 So.2d 24 (Fla. 3d DCA 1966). Therefore, the evidence presented renders the final counts inadequate at law to establish the necessary elements of the causes of action alleged.
Affirmed.