385 So.2d 699 (1980)
Everett Eugene HOWARD, Appellant,
v.
Vera BONER, Appellee.
No. NN-105.
District Court of Appeal of Florida, First District.
June 23, 1980.
*700 W. Sperry Lee, of Ulmer, Murchison, Ashby & Ball, Jacksonville, for appellant.
Daniel S. Brim, of Ripley, Rich & Brim, Fernandina Beach, for appellee.
McCORD, Judge.
Appellant appeals from a final judgment directing him to pay $3,360 in real estate commission fees to appellee, Vera Boner. We reverse.
Sometime in 1977, appellant listed his home for sale with several brokers, including appellee. After that time, real estate agents began to show his home to prospective buyers. Appellee Boner advertised appellant's home and showed it to prospective buyers for several months during 1977. In December 1977, the personnel office of Container Corporation, in Fernandina Beach, notified appellee Boner and another broker, Curtis Lasserre, that a new employee, Jerry A. Windisch, and his family would be moving from Gainesville to Fernandina Beach and would probably be interested in finding a home there. Although there is some conflict in the testimony, it appears that both Boner's office and Lassere's office contacted Windisch by telephone in December. During December, the Windisches drove around the town of Fernandina Beach to get an idea of what homes were for sale there. They saw that appellant's home was for sale and noted that they were interested in looking at it.
On January 4, 1978, the Windisches again visited Fernandina Beach and Lassere drove them around, stopping at several houses in which he thought they might be interested. One of the houses at which they stopped was appellant's house. They did not go into the house on that day but Lassere described the interior of the home to them at that time. The next week, the Windisches called Lassere from Gainesville and told him of four homes including appellant's that they would like to visit when they returned to Fernandina Beach on Wednesday, January 11. Consequently, on that day Lassere made an appointment with the Windisches to show them the four houses on January 11 and then notified appellant of the Windisches' interest in his house and advised him that they would go through his house on January 11. On January 6, Lassere took photographs of the houses the Windisches had requested to see and mailed those photographs to the Windisches with information on some of them as to the price, number of rooms and other details. On January 7, a salesman for appellee Boner called the Windisches to set up an appointment with them in Fernandina Beach. When they told him that they had an appointment with Lassere for Wednesday, January 11, appellee Boner requested that they come over a day early to meet with her and her salesman on January 10 to look at houses. The Windisches agreed and appellee Boner then informed appellant that she was going to bring the Windisches to look at his house on January 10.
*701 On January 10, 1978, appellee took the Windisches to view several houses, one of which was appellant's. She showed them through appellant's house in the presence appellant and his wife. The Windisches expressed an interest in the house but made no commitment at that time. Appellee Boner did not obtain a contract from them and did not submit a contract to appellant and his wife.
On January 11, the Windisches kept their appointment with Lassere. Lassere showed them a duplex on the beach in which they were still very much interested at the time and also showed them appellant's house. After discussing the merits of the two houses, the Windisches decided to make an offer on appellant's house. Thus, on the afternoon of January 11, Lassere prepared the sales agreement on appellant's house. The agreement was executed by the Windisches as purchasers, appellant and his wife as sellers, and Lassere as the real estate broker. The sale was ultimately closed with Lassere receiving a commission.
Appellee Boner began this action by filing a complaint against appellant, his wife, and Lassere, claiming that she should have received the commission since she was the procuring cause of the sale. She argued that because she was the first broker to bring the parties together, she should be the broker to receive the commission. After trial, the court below ruled that appellant Howard owed the full six percent commission to appellee. The court ruled that appellee would take nothing from appellant's wife and Lassere. No appeal has been taken by appellee from that ruling.
We recognize that a broker who is the procuring cause of a sale of real estate is entitled to a commission. Leon Realty, Inc. v. Hough, 310 So.2d 767 (Fla. 1st DCA 1975); Banks Real Estate Corp. v. Gordon, 353 So.2d 859 (Fla. 3d DCA 1977). As is obvious from the facts of the instant case, however, the determination of which broker was the procuring cause of a real estate sale can be subject to fine legal distinctions which may place too great a burden on sellers of homes. In resolving such a dilemma, we must employ a standard of reasonableness.
Under the facts of this case, appellant made a reasonable assumption that Lassere was due the commission since Lassere was the first broker to contact him regarding the Windisches' interest in the house and since Lassere was the broker who produced the contract for sale. The record contains no indication that, prior to paying the commission to Lassere, appellant had any notice or knowledge that appellee Boner would assert a right to the commission. The record contains no evidence of subterfuge or underhanded dealing that might suggest an effort on the part of appellant to unfairly deprive appellee of any commission due her. DPOR Board of Real Estate Handbook (1979), § 12.15, states as follows:
In some rare cases, the owner may have so conducted himself as to be liable for a full commission to both brokers but if he has respected the right of both and has acted in good faith, he is liable for only one commission.
Since appellant acted reasonably in assuming that Lassere was the procuring cause of the sale in this case and since prior to paying the commission to Lassere, appellant had no notice from appellee Boner or from any other source that Lassere might not have been the procuring cause of the sale, there is no basis on which to find him liable for a double commission.
REVERSED.
MILLS, C.J., and SHIVERS, J., concur.