PER CURIAM.
On motion for rehearing after a non-jury trial, the lower court entered judgment against the plaintiff-appellants in an action for a real estate brokerage commission. It found that
1. The real estate broker has the burden of proving by a preponderance of the evidence that he is entitled to recover under the commission agreement.
2. The failure of the parties to agree as to what personal property was to be included as part of the real estate transaction, an essential term, evidences that the broker had yet to produce a ready buyer, willing to purchase on terms acceptable to the vendor.
3. The failure of an agreement as to what amount, if any, the seller was willing to spend for repairs to the subject property, which term is essential, further evidences that the broker had yet to pro *1149 duce a ready buyer, willing to purchase on terms acceptable to the vendor.
4. The deposit receipt contract prepared by the broker and submitted to the vendor was at variance with the listing agreement entered into by the parties therefore it cannot be contended that the transaction failed solely because of ill faith or capriciousness on the part of the vendor.
We conclude that these findings are supported by both substantial, competent evidence, see Delgado v. Strong, 360 So.2d 73 (Fla.1978), and the applicable law. Judson v. Mobley, 62 So.2d 730 (Fla.1953); Banks Beal Estate Corp. v. Gordon, 353 So.2d 859, 860 (Fla.3d DCA 1977), and cases cited. Affirmed.