462 So.2d 878 (1985)
WARREN HUNNICUTT, JR., INC., a Florida Corporation, Appellant,
v.
Lawrence GLEASON, Appellee.
No. 83-1582.
District Court of Appeal of Florida, Second District.
February 1, 1985.
*879 Janet H. Thurston of Jacobs, Robbins, Gaynor, Hampp, Burns, Cole & Shasteen, P.A., St. Petersburg, for appellant.
No Appearance for appellee.
LOGAN, Paul E., Associate Judge.
Appellant, Warren Hunnicutt, Jr., Inc., appeals the final judgment of the trial court in this action concerning commissions due the corporation for its real estate services. We affirm in part and reverse and remand in part.
Appellant first contends that following its case-in-chief, the judge improperly dismissed a count of the amended complaint alleging that appellant was entitled to a commission for the sale of a building by the defendant on the theory that appellant was the "procuring cause" of the deal. On this point we affirm.
During the spring of 1979 appellee Gleason became aware of Taft Broadcasting's desire to acquire, for lease or purchase, commercial property in Tampa. Gleason became aware of Taft's interest through prior dealings with appellant's salesman Alan Gordon and Taft Broadcasting. Gleason contacted Gordon to have him suggest to Taft that a deal be structured involving some property Gleason knew Taft had bid on unsuccessfully. Gordon passed the information on to Taft, and Taft contacted Gleason, who set out to purchase the subject property, to build a building, and to realize the negotiated deal.
Appellant Hunnicutt, through salesman Gordon, entered into a real estate brokerage commission contract with appellee Gleason on June 27, 1979. The contract provided that Gleason was to pay Hunnicutt $15,000 within 15 days of closing the loan on the build-to-suit building that Gleason was constructing for Taft Broadcasting. Gleason agreed to pay, in addition, 7.5% of the gross monthly payments received pursuant to the terms of a final contract with Taft.
Due to a downturn in the national economy and problems encountered by Gleason in obtaining financing, Gleason tendered to appellant only half of the commission due under the brokerage contract and none of the agreed upon percentage of the rental. On or about September 1, 1980, Taft moved into the building constructed by Gleason. Approximately eight days later Gleason sold the building to a Taft subsidiary. For this sale appellant Hunnicutt has argued that it is entitled to a commission as the "procuring cause." In addition, Hunnicutt sued Gleason for the remainder of the commission that had actually been agreed to by contract.
A broker who is the "procuring cause" of a sale of real estate is entitled to a commission. Howard v. Boner, 385 So.2d 699 (Fla. 1st DCA 1980); Banks Real Estate Corp. v. Gordon, 353 So.2d 859 (Fla. 3d DCA 1977); Leon Realty, Inc. v. Hough, 310 So.2d 767 (Fla. 1st DCA 1975). To recover under this theory the broker must bring the parties together and cause the sale as a result of continuous negotiations he instigated. Leon Realty, Inc., 310 *880 So.2d at 769. A seller cannot defeat the broker's right to a commission by unilaterally excluding him from the negotiations. National Airlines, Inc. v. Oscar E. Dooly Associates, Inc., 160 So.2d 53, 55 (Fla. 1964).
In this case the trial judge correctly dismissed the plaintiff's "procuring cause" count for failure to establish a prima facie case. Our thorough review of the record shows that the plaintiff's evidence essentially was that a Taft subsidiary purchased the Gleason building eight days after taking possession. There was no evidence that the sale resulted from continuous negotiations instituted by Mr. Gordon, nor that the defendant in any way attempted to interfere with the broker's efforts to ensure that the sale was consummated. Although there was testimony as to Gordon's contacts with Gleason, this testimony related to efforts to consummate the lease transaction for which appellant was to receive a commission by contract, and not to any of Gordon's efforts to procure the actual sale of the building. Gordon admitted that no further commissions on the lease rentals were due once the building was sold. Moreover, appellant never contended that by selling the building, Gleason wrongfully deprived appellant of the balance of its commission on the lease rentals.
In its second and third points on appeal, plaintiff argues that the trial court erred by failing to award it costs and prejudgment interest for damages resulting from the defendant's breach of the written real estate commission contract. Plaintiff prevailed on count I of the complaint, and the judge awarded it $7,500 as the balance of the unpaid commission and $95.50 for seven and a half percent of the collected rental. These damages were fixed by a contract and were liquidated; therefore, prejudgment interest should have been awarded. Town of Longboat Key v. Carl E. Waddell & Son, 362 So.2d 719 (Fla. 2d DCA 1978). Finally, the judge failed to provide for taxation of costs in favor of the prevailing party as required by section 57.041, Florida Statutes (1983). On remand, the trial judge should amend the judgment to reflect the awards, prejudgment interest and costs.
Affirmed in part, reversed in part, and remanded.
RYDER, C.J., and GRIMES, J., concur.