WENTWORTH, Judge.
Appellant seeks review of a summary final judgment in a declaratory judgment action by which it was determined that appellant is not entitled to a brokerage commission on a real estate transaction. We find that the undisputed material facts failed to establish that appellant is not entitled to a brokerage commission, and we therefore reverse the order appealed.
Appellant is a real estate broker which obtained a listing for the sale of appellee’s campground. The listing provided for a brokerage commission if appellant should find “a purchaser ready, willing and able to buy” at or above the listed price. Appellant contacted Kampgrounds of America (KOA) and obtained a purchase contract between KOA and appellee. All parties were aware that KOA intended an immediate resale of the property through its franchise system. During negotiations between KOA and appellee KOA contacted a *625 prospective franchisee (Mellott) for the resale of the property. The sale between appellee and KOA was not consummated, and Mellott then contacted appellee regarding a direct purchase of the property. Ap-pellee eventually sold the property to Mel-lott for an amount above the listed price.
A broker is the procuring cause of a sale, so as to be entitled to a commission, when the sale is effected as a result of continuous negotiations inaugurated by the broker. See Leon Realty Inc. v. Hough, 310 So.2d 767 (Fla. 1st DCA 1975). In the present case appellant commenced negotiations with KOA, who in turn contacted Mellott. When KOA thereafter abandoned the transaction Mellott continued the negotiations and eventually purchased the property. Although appellant had no direct contact with Mellott, the continuous negotiations which resulted in the eventual sale were inaugurated by appellant’s contact with KOA. In these circumstances appellant’s efforts may constitute the procuring cause of the sale, in accordance with Leon Realty, supra. Accordingly, the entry of summary judgment for appellee was error.
The order appealed is reversed and the cause remanded.
MILLS and NIMMONS, JJ., concur.