521 So.2d 384 (1988)
ALLEN C. EWING & COMPANY, a Florida corporation, Appellant,
v.
P. Douglas FREEDLE, an Individual, and Charles R. Koons, an Individual, Appellees.
No. 87-434.
District Court of Appeal of Florida, First District.
March 15, 1988.
Steven A. Werber and Cindy A. Laquidara-Kenney, of Commander Legler Werber *385 Dawes Sadler & Howell, Jacksonville, for appellant.
Stephen H. Durant, of Martin, Ade, Birchfield & Johnson, P.A., Jacksonville, for appellee P. Douglas Freedle.
Thomas C. Dearing and Drew W. Prusiecki, of Franson, Dearing, Aldridge and Sands, P.A., Jacksonville, for appellee Charles R. Koons.
WIGGINTON, Judge.
Allen C. Ewing & Company (Ewing) appeals from the final summary judgment entered in favor of appellees Freedle and Koons in an action brought by Ewing seeking payment of a brokerage commission. We reverse.
Ewing, a company specializing in brokerage services for the sale and purchase of banking institutions, contacted Koons in May 1984 and informed him of a prospective purchaser for appellees' bank. Following various conversations between Ewing and appellees, it was orally agreed that Ewing would show the bank under restricted conditions in exchange for a 2 1/2 percent commission. The terms of the engagement were embodied in a May 24, 1984, letter enclosing copies of financial documents relating to the bank which were to be delivered only to the prospective purchaser, and providing that all requests for any additional information must be directed to Koons. The letter further specifically provided:
The terms of any sale must be negotiated directly with Messrs. Freedle & Koons. Upon consummation of any such sale, Messrs. Freedle & Koons agree to pay Allen C. Ewing & Co. a fee equal to 2 1/2 of the actual cash consideration received.
Although Ewing, pursuant to the agreement, delivered the designated documents to the prospective purchaser, the purchaser expressed no interest in the bank and thereafter had no further contact with Ewing.
Nonetheless, early in 1985, appellees revived their conversations with the prospective purchaser which ultimately resulted in the latter party's signing a letter of intent in October 1985 to purchase the bank. Ewing learned of this contract sometime in December and on December 31, 1985, drafted a letter to appellees exhibiting Ewing's belief that it was entitled to a commission. A subsequent letter mailed on February 18, 1986, again requested payment of the commission. Both requests were predicated on Ewing's belief that it had performed all that it was required to do under the May 1984 letter, that appellees continued the negotiations according to their preference expressed in the letter, and that in light of the purchase, Ewing was entitled to the commission.
When no commission was forthcoming, Ewing filed an action for breach of contract against appellees in which it sought payment of a brokerage commission. In its complaint, Ewing alleged that it was entitled to a commission as it had performed "all conditions to entitle it to relief sought." Koons filed a motion to dismiss the complaint in which he contended, inter alia, that the complaint was fatally deficient in failing to allege that Ewing was a procuring cause of the bank's sale. The trial court rejected Koons' motion to dismiss in regard to the procuring cause issue, ruling it was unnecessary for Ewing to allege that it was the procuring cause since it had alleged all conditions precedent had been met. However, the motion was granted on a more limited basis unrelated to the issues in the instant case.
Accordingly, an amended complaint was filed wherein Ewing, believing the trial court was of the view that it must prove it was the procuring cause of the sale in order to be entitled to a commission under the contract, also alleged that it had been the procuring cause of the sale. The amended complaint nonetheless retained its original allegation that Ewing had performed all conditions to entitle it to the relief sought.
Discovery proceeded and the depositions of Koons and James B. Lumpkins, Ewing's agent in the negotiations, were taken. Motions for the entry of summary judgment were filed by appellees on the basis that as a matter of law Ewing was not the procuring cause of the bank's sale. An affidavit in opposition to the motion was filed by *386 Ewing. Following a hearing on the motion, the trial court entered a final summary judgment against Ewing.
It is well-established that "as a general rule, `[t]he construction of a written contract is a matter of law to be determined by the court,'" but, "if the wording is ambiguous and the parties present different interpretations, `the issue of proper interpretation can become one of fact, thus precluding summary judgment.'" Multitech Corporation v. St. Johns Bluff Investment Corporation, 518 So.2d 427 (Fla. 1st DCA 1988) (emphasis in original). After carefully considering the affidavits and the depositions, as well as the exhibits attached to the depositions, it is abundantly clear that disputed issues of fact exist at least in regard to the parties' interpretation of whether or not Ewing was to have been the procuring cause of the sale before it was entitled to a commission and whether the demand for a commission was timely, or even necessary, once the sale of the bank was ultimately consummated. It is evident from its complaint, as well as from its affidavit in opposition to the motion for summary judgment and the December and February letters, that Ewing was of the position either that it was entitled to a commission by having met the "conditions precedent" in the letter, i.e., delivering the documents to the prospective purchaser, and the purchaser's acquiring the bank, or that it was so entitled as it was the "procuring cause" of the sale by its meeting those conditions precedent. On the other hand, appellees argue that Ewing must prove that it was the procuring cause of the sale in the strictest sense, in that it must have brought the parties together and "effected the sale as the result of continuous negotiations inaugurated" by Ewing. Leon Realty, Inc. v. Hough, 310 So.2d 767, 769 (Fla. 1st DCA), cert. denied, 324 So.2d 86 (Fla. 1975).
Those two obviously conflicting interpretations of the May 24, 1984, letter in turn raise another incidental issue of disputed fact in regard to the extent of Ewing's authority under the letter to conduct negotiations with the purchaser. In his deposition, Lumpkins testified to Ewing's understanding of the letter which was that they were specifically precluded from negotiating with the purchaser and that they could only act as a "communicator." According to Lumpkins, it was Ewing's position at all times that if it made an introduction that resulted in a sale, it would be entitled to a commission, and that it was the procuring cause as it had shown the purchaser the bank and sent it the financial statement as per the letter. The ultimate transaction between appellees and the purchaser resulting in a sale thereby fulfilled the agreement and entitled Ewing to a commission. On the other hand, Koons in his deposition testified that the negotiations clause of the letter meant the negotiations would be by Ewing "directly with us."
Based on the foregoing review of the record, it is evident that summary judgment was improperly granted in the instant case as material issues of disputed fact remain. Accordingly, the final summary judgment is reversed and the cause is remanded for further proceedings.
SHIVERS and ZEHMER, JJ., concur.