PER CURIAM.
We reverse the final summary judgment entered in favor of the defendants/appellees Audrey Ross and Audrey Ross & Associates, Inc. in this action between two real estate brokers over a commission allegedly owing to the plaintiff/appellant Framer Realty, Inc. Genuine issues of material fact remain for a determination by the trier of fact as to whether Framer was a procuring cause of the sale of the subject real estate and thus entitled to a commission from the sale.
The facts are undisputed that Framer was contacted by the eventual buyers of an expensive real estate residential property. Framer expended considerable time and effort showing the buyers this property and several other real estate properties. The buyers expressed a strong interest in buying the subject property, but first had to conclude a Michigan transaction. During two trips to Florida, Framer showed the buyers the subject property. Ultimately, however, the buyers used Ross as their agent in order to make a formal offer and close the transaction. Ross was aware that Framer had shown the property to the buyers.
These facts are sufficient to survive a motion for summary judgment by Ross on Framer’s claim of unjust enrichment. In Banks Real Estate Corp. v. Gordon, 353 So.2d 859, 860-61 (Fla. 3d DCA 1977), we stated that “to establish a prima facie case on this theory, plaintiff would have to have shown either the existence of an implied contract to pay him for his services in finding and negotiating with the ultimate purchasers ... or that he was the procuring factor in the sale.” See also Earnest & Stewart, Inc. v. Codina, 732 So.2d 364, 366 (Fla. 3d DCA 1999). Viewing the evidence in the light most favorable to Framer, it is reasonable to find that Framer brought the prospective parties together. Ross cannot assert that Framer did not participate in the negotiations when Ross purposely excluded Framer from these negotiations. See Sheldon Greene & Assocs. v. Rosinda Invs. N.V., 475 So.2d 925, 927 (Fla. 3d DCA 1985) (“[A] broker, to be considered the ‘procuring cause’ of a sale, must have brought the purchaser and seller together and effected a sale through continuous negotiations inaugurated by him unless the seller and buyer intentionally exclude the broker and thereby vitiate the need for continuous negotiations.”).
In this case, the record evidence is sufficient to raise genuine issues of material fact as to whether Framer conferred a benefit on Ross by introducing the buyers to the property and, over an approximately one-year period, maintaining communications with the buyers, conducting several inspections of the property with the buyers, and providing considerable follow-up information about the property and surrounding area to the buyers, all of which efforts were conducted prior to any involvement by Ross as the buyers’ broker. Additionally, it could be reasonably inferred that Ross accepted the benefit of Framer’s efforts when they undertook representation of the buyers, who had already become interested in the property through their contacts with Framer, and ultimately received a large commission as the buyers’ broker upon the sale of the property. Given the extent of Framer’s efforts expended to interest the buyers in the property, the trier of fact could reasonably find that it would be inequitable for Ross to retain the full brokerage commission that they received upon the sale without paying Framer the value of its services rendered in bringing about the sale. See Peoples Nat’l Bank of Commerce v. First Union Nat’l *7 Bank of Fla., N.A., 667 So.2d 876, 879 (Fla. 3d DCA 1996).
Therefore, the final summary judgment is reversed and the ease is remanded for full consideration by the trier of fact.
Reversed and remanded.